PETERSON, Judge.
Eric Leon Reeves appeals that portion of his sentence which imposes a requirement of restitution of $500 as a special condition of probation. We vacate only that portion of the sentence setting the amount of restitution at $500 and remand to the trial court for a hearing to determine the amount of damages incurred by the victim that were caused by the defendant’s criminal activity.
Reeves entered.a plea of guilty to one count of uttering a false or forged instrument and, as a special condition of community control followed by probation, was ordered to pay restitution of $500 to Jacqueline Richardson. The name of the victim and the amount of the restitution were not included in the oral pronouncements at the sentencing hearing but were included in the subsequent written order. There is no dispute that restitution was ordered at the sentencing hearing, but the amount and the payee were not stated.
A presentence investigation (PSI), which recommended restitution in the amount of $500, was available to the trial court at the sentencing hearing. The PSI indicated that Reeves was arrested for having cashed a $40 check drawn on Richardson’s bank account. It further indicated that the victim told the investigator that someone had broken into one of her rental houses and stole a VCR and her checkbook. She was also quoted in the PSI as saying that Reeves and his cohorts took a VCR and wrote checks totaling $307.
There appears to be no relationship between Reeves’ offense and the victim’s losses with respect to the VCR and the stolen checks other than the check uttered by Reeves which apparently was in the amount of $40. While section 775.-089(l)(a), Florida Statutes (1987), requires a defendant to make restitution for damages or loss caused directly or indirectly by the defendant’s offense, the damages must bear a reasonable relationship to the offense charged. J.S.H. v. State, 472 So.2d 737 (Fla.1985). A defendant cannot be required to make payment in excess of the amount of damage the criminal conduct caused the victim. Fresneda v. State, 347 So.2d 1021 (Fla.1987). There must be a causal relationship between the offense and the damages sustained by the victim. State v. Williams, 520 So.2d 276 (Fla.1988).
There is nothing in the record before us, including the hearsay quotations in the PSI, that reflects a reasonable or causal relationship between the total loss suffered by Richardson and Reeves’ criminal activities, nor is there any evidence reflected by *1370 the record that would allow us to review the computations determining the amount of the restitution. Therefore, we must vacate that portion of the order placing Reeves in community control followed by probation that sets the amount of restitution at $500, and remand for a hearing to determine those losses suffered by the victim that bear a reasonable and causal relationship to the offense perpetrated by Reeves.
REVERSED in part and REMANDED.
SHARP, W., and HARRIS, JJ., concur.