PER CURIAM.
This cause is before us on a consolidated appeal of appellant’s judgment and sentence in cases 89-442, 89-455, 89-468 and 89-469. Appellant has raised two issues for our consideration, one of which requires discussion.
On August 10,1989, appellant was identified as pawning recently-stolen property *149 from a residential burglary. This property was subsequently returned to the victims. Appellant was arrested and confessed that he was selling the property for a friend. In case 89-468, appellant pled nolo conten-dere and was sentenced to five years in the Department of Corrections, to be followed by three years’ probation. The trial court entered a restitution order pursuant to Section 775.089, Florida Statutes (1989), requiring appellant to pay $3,341 for unrecov-ered property stolen during the same burglary that the property he was dealing in was stolen. However, there was no evidence that appellant was one of the actual burglars nor was he linked to the unrecov-ered property in any other way.
In J.S.H. v. State, 472 So.2d 737 (Fla.1985), the Supreme Court held that in order to support a restitution order, the damage or loss suffered must bear a significant relationship to the offense for which defendant stands convicted. In the instant case, the record fails to establish the necessary causal relationship between the loss suffered in the burglary and the offense for which appellant was convicted. Moton v. State, 554 So.2d 657 (Fla. 1st DCA 1989); Denson v. State, 556 So.2d 823 (Fla. 1st DCA 1990), review dismissed, 562 So.2d 347 (Fla.1990).
Accordingly, the judgment and sentence in case 89-442, 89-455, and 89-469 are affirmed. The judgment in case 89-468 is affirmed, and the sentence is reversed and remanded for further proceedings consistent with this opinion.
BOOTH and MINER, JJ., and WENTWORTH, Senior Judge, concur.