PATTERSON, Judge.
James Lee Anthony appeals from the judgment and sentences imposed upon him after a jury convicted him of sexual battery with a deadly weapon, robbery with a deadly weapon, and aggravated assault. We affirm the appellant’s convictions but remand for correction of the sentence for sexual battery with a deadly weapon.
At sentencing, the trial court found the appellant to be a habitual violent felony offender under section 775.084(l)(b), Florida Statutes (1989). The court sentenced the appellant to two concurrent terms of life with a mandatory minimum of fifteen years pursuant to the enhancement provision for first degree felonies, section 775.-084(4)(a)(l), Florida Statutes (1989), for the sexual battery with a deadly weapon and the robbery with a deadly weapon. The court also sentenced the appellant to a term of ten years for the aggravated assault pursuant to section 775.084(4)(a)(3), Florida Statutes (1989), and ordered the appellant to pay restitution in the amount of $2,599.28.
The appellant argues since sexual battery with a deadly weapon is a life felony and the habitual offender statute makes no provision for the enhancement of life felonies, the trial court erred in sentencing him as a habitual offender for that offense. We agree and strike the portion of the sentence for sexual battery which imposes the mandatory minimum of fifteen years and designates that the appellant has been sentenced as a habitual violent offender for that count. See Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990); Ledesma v. State, 528 So.2d 470 (Fla. 2d DCA 1988).
The appellant also argues because the state failed to prove the amount of damage to the victim, the trial court erred in ordering him to pay restitution. This argument has no merit. The appellant’s counsel stated on the record that the appellant did not object to the imposition of restitution in the amount suggested by the state. Thus, the state did not have the burden to prove the amount of damage.
Accordingly, we affirm the appellant’s judgment and sentences but remand for correction of the sentence for sexual battery with a deadly weapon. The appellant need not be present for the correction of sentence.
PARKER, A.C.J., and ALTENBERND, J., concur.