PER CURIAM.
Jimmy Burke appeals his judgment and sentence. We affirm, except with respect to the trial court’s order that Burke pay restitution.
The State of Florida charged Burke with grand theft of an automobile. At trial, a police officer testified that he found Burke sitting in the driver’s seat and another individual sitting in the back seat of the car, which had been stolen approximately three weeks earlier. Upon seeing the policeman, both men fled. The officer did not see Burke holding anything as he exited the car. The officer, who knew Burke, did not chase either individual, but instead secured the vehicle. He found tools scattered on the ground next to the driver’s door. The steering column of the car was smashed, the rear window was broken, the radio was gone, and the wheels were missing. Evidence was also introduced at trial to show that Burke was in jail when the car was stolen. The jury acquitted Burke of grand theft, but found him guilty of trespass in a conveyance, a lesser included offense. The trial court, over Burke’s objection, ordered him to pay restitution to the owner of the car in the amount of $3,500.00, the total cost to restore the vehicle to its previous condition.
A trial court has the authority to order restitution pursuant to section 775.-089(1)(a), Florida Statutes (1991). The statute provides:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation....
In considering the appropriateness of a restitution order, this court applies the following two-pronged test: first, “was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant’s offense[?]” Second, “was there a significant relationship between the damage to the victim and the crime proved[?]” Watson v. State, 579 So.2d 900, 901 (Fla. 4th DCA 1991).
Despite the trial court’s ruling, the facts of this case do not demonstrate that Burke’s trespass, which occurred about three weeks after the theft of the vehicle, caused any direct or indirect damage or loss to the car. The evidence also does not show that Burke’s convicted offense had any significant relationship to the damage done to the vehicle. Thus, the trial court erred in ordering Burke to pay restitution. *486 Mansingh v. State, 588 So.2d 636, 637 (Fla. 1st DCA 1991) (restitution order reversed where defendant did not directly or indirectly cause damage and no significant relationship was evident between his crime and the damage); Wilcox v. State, 579 So.2d 148, 149 (Fla. 1st DCA 1991) (restitution order reversed where defendant’s offense was not connected to the loss). Accordingly, the trial court’s order of restitution is reversed, and the matter is remanded with instructions for the trial court to strike the restitution order from Burke’s sentence. We affirm in all other respects.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
DOWNEY, GUNTHER and WARNER, JJ., concur.