622 So.2d 1158 (1993)
Shane Gregory DYER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1515.
District Court of Appeal of Florida, Fifth District.
August 20, 1993.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant, Shane Dyer, appeals the trial court's order that he pay $1,500 in restitution to the owner of a vehicle he was convicted of stealing.
On the night the vehicle was stolen, the victim left his ring in the unlocked car, despite the fact that one of the windows was "busted out." When the car was retrieved, the ring was missing.
Dyer was charged with grand theft of the motor vehicle and pleaded nolo contendere; his sentence included restitution in the amount of $1,500 for the ring. Dyer appeals this amount of the restitution ordered. We reverse.
In determining whether restitution is appropriate, the court must apply the following two-prong test:
1. Was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant's offense?
2. Is there a significant relationship between the damage to the victim and the crime proved?
State v. Williams, 520 So.2d 276, 277 (Fla. 1988). Section 775.089(7) provides:

*1159 Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney.
Thus, the real question presented in this case is: Did the State establish, by a preponderance of the evidence, that Dyer's theft of the vehicle was a direct or indirect cause of, and was significantly related to, the victim's loss of the ring?
The State has introduced no evidence suggesting how the ring disappeared nor has it presented any proof whatsoever that the defendant ever had this ring in his possession. The fact that the ring was in the unlocked and easily accessible vehicle when the victim parked it at the apartment complex on the evening it was stolen does not establish that the defendant, who admits only to taking the car, also took the ring. Although the State need only establish by a preponderance of the evidence that the defendant's crime indirectly caused the victim's loss, it has not met its burden. In leaving the valuable ring in an unlocked car with one window "busted out," the victim made it possible for a passerby to have entered the vehicle, discovered the ring, and taken it long before the defendant ever came along.
In Reeves v. State, 560 So.2d 1368 (Fla. 5th DCA 1990), the defendant pled guilty to forging and cashing a $40 check drawn on the victim's bank account. The victim's hearsay statements indicated that someone broke into her home and stole a VCR and her checkbook and that forged checks totalling $307 were written. This court reversed the trial court's order requiring the defendant to make restitution in the amount of $500 because "nothing in the record before us ... reflects a reasonable or causal relationship between the total loss suffered by [the victim] and [the defendant's] criminal activity." Id. at 1369. See also Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991) (defendant found in possession of several items stolen during a burglary pled guilty to grand theft but trial court's order to pay restitution for additional missing items not found in his possession was reversed).
In the instant case, Dyer's theft of the vehicle has no significant relationship to the loss of the ring. The State has introduced nothing more than circumstantial evidence tending to support the inference that if Dyer took the car, he also must have taken the ring. This type of evidence simply is not sufficient to sustain an order requiring Dyer to make restitution for the missing ring.
REVERSE and REMAND.
HARRIS, C.J., and GOSHORN and DIAMANTIS, JJ., concur.