623 So.2d 842 (1993)
Timothy MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2726.
District Court of Appeal of Florida, Fifth District.
September 10, 1993.
*843 James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Timothy Moore, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Timothy Moore ("Moore") appeals a portion of his sentence requiring him to pay restitution to the victim, as a condition of probation, for the victim's loss of tools that occurred as a result of the victim's truck being stolen. We affirm the conviction, but we strike that portion of the sentencing order requiring restitution be paid for the stolen tools.
Moore was convicted by a jury of grand theft of a motor vehicle[1] and possession of a vehicle with altered vehicle identification number.[2] He was sentenced as a habitual felony offender to eight years incarceration on each count, each sentence to run concurrently, followed by two years of probation. At the time of sentencing, Moore only objected to the award of restitution for the tools which the victim testified were in the truck when it was stolen, but which were not referenced in the information. The tools were never recovered.
Trial testimony indicated the truck was stolen on 5 September 1991 and recovered on 20 November 1991. The truck was in another's possession for at least five weeks after it was stolen and before Moore received it. This testimony is uncontradicted. After his apprehension, Moore confessed that he bought the truck knowing it was stolen. He further testified there were no tools in the truck at the time he purchased it. There was no evidence presented that Moore was the actual thief of the truck.
Before a trial court can impose restitution, two requisites must be established: (1) the loss was caused directly or indirectly by the criminal offense; and (2) there is a significant relationship between the loss and the crime. State v. Williams, 520 So.2d 276 (Fla. 1988). In this case, Moore admitted purchasing the truck for $500.00 several weeks after it was stolen, but denies there were tools in the truck at the time he acquired possession. The state presented no evidence at trial contradicting this testimony. More importantly, "the state must demonstrate a significant relationship between the loss or damage sustained by the victim and the defendant's acts in committing the offense for which [the defendant] was convicted." Powell v. State, 595 So.2d 223 (Fla. 1st DCA 1992), rev. denied, 601 So.2d 553 (Fla. 1992); Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991). The state has not demonstrated such a relationship in this case. The state assumes that Moore is in fact the thief of the truck and that he knew there were tools in the truck at the time of the theft. These facts were not proved. Therefore, the cases relied upon by the state do not apply.
Further, since the state did not present evidence Moore was the actual thief or that he was "linked to the unrecovered property in any other way," restitution for the unrecovered property is inappropriate. Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991); Wilcox v. State, 579 So.2d 148 (Fla. 1st DCA 1991). Although it can be argued that Moore is the actual thief because of his "unexplained" possession of stolen property,[3] factors including the length of time between the theft and the recovery of the truck, along with Moore's inculpating statement, mitigate against this conclusion. The possession is not sufficiently "recent" to qualify for the presumption. See T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992). The order for restitution for the tools is reversed.
Moore also appeals the trial court's order for restitution for the victim's truck *844 since the truck was returned to the victim. This claim is procedurally barred on appeal because it was not preserved at the trial level. At the sentencing hearing, Moore and his attorney only objected to the restitution for the tools. Since they did not object to the restitution or the amount for the victim's truck, the objection is waived, Anthony v. State, 585 So.2d 1172 (Fla. 2d DCA 1991), and procedurally barred. Brooks v. State, 605 So.2d 522 (Fla. 4th DCA 1992); Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992). Moore's other claims are without merit.
SENTENCE AFFIRMED; RESTITUTION REVERSED.
HARRIS, C.J., and GOSHORN, J., concur.
NOTES
[1] § 812.014(1), Fla. Stat. (1991).
[2] § 319.33(1)(d), Fla. Stat. (1991).
[3] § 812.022, Fla. Stat. (1991).