629 So.2d 982 (1993)
Sheila Lynn STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2983.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
*983 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Sheila Lynn Stewart appeals the portion of her order of probation which directs her to pay $11,749 to her employer, the victim of Stewart's grand theft. We reverse and remand this cause for further proceedings consistent with this opinion.
Stewart was charged with grand theft[1] for conduct committed during the eleven-day period between April 21, 1992, and May 1, 1992. Video surveillance evidence during nine of the eleven days established that Stewart stole an average of $40.51 per day. Stewart entered a plea of nolo contendere to the charge and did not contest the fact that she stole from her employer during the eleven-day period covered by the information. The trial court's restitution order, however, directs Stewart to pay restitution for thefts occurring between August 1, 1991, and May 1, 1992. This portion of the order was error because, pursuant to her plea, Stewart was only convicted of grand theft for conduct occurring during the eleven-day period from April 21, 1992, to May 1, 1992. Stewart cannot be ordered to pay restitution beyond the time period charged in the information because such restitution would neither be a direct or indirect cause of, nor be significantly related to, Stewart's crime. Also, Stewart did not agree to pay restitution for her employer's claimed loss of $11,749. See Dyer v. State, 622 So.2d 1158, 1158 (Fla. 5th DCA 1993) (citing State v. Williams, 520 So.2d 276, 277 (Fla. 1988)); Perez v. State, 596 So.2d 487, 488 (Fla. 5th DCA 1992). See also Burke v. State, 596 So.2d 484 (Fla. 4th DCA 1992); Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991); Reeves v. State, 560 So.2d 1368 (Fla. 5th DCA 1990).
Accordingly, we reverse and remand this cause for entry of a restitution order totaling $445.61.[2] The trial court also should award interest at the rate of twelve percent per annum from May 1, 1992. See Ebaugh v. State, 623 So.2d 844 (Fla. 5th DCA 1993).
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 812.014(1), 2(c), Fla. Stat. (1991).
[2] $40.51 per day % 2a 11 days = $445.61.