638 So.2d 1054 (1994)
John Lee DeLONG, a/k/a John Lee DeJong, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03566.
District Court of Appeal of Florida, Second District.
June 24, 1994.
James Marion Moorman, Public Defender, and Kenneth D. Whitfield, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
John Lee DeLong[1] appeals two final judgments of restitution, arguing that the expenses covered in the judgments were not related to the crime for which he was convicted. We reverse in part and affirm in part.
The state charged DeLong with robbery. The state presented evidence at trial that a man approached the victim, a woman loading groceries into her car, grabbed her car keys, started the car, and drove away, knocking the victim down. The victim testified that she was not absolutely certain that DeLong was the perpetrator.
DeLong testified that he and a companion went to an area where crack cocaine was sold. A person who wanted to buy crack told them that they could use the car until morning for fifty dollars. DeLong admitted that later on he figured that the car most likely was stolen. Defense counsel argued that DeLong did not commit the initial taking but that he may be guilty of grand theft for the continued use of a vehicle that he knew was stolen.
The jury found DeLong guilty of the lesser included offense of grand theft. The trial court entered two final judgments of restitution. One awarded $412 to an insurance *1055 company for reimbursement of the medical expenses it paid for the injuries the victim sustained when her car was taken. The other final judgment awarded $138.50 to the victim for the $100 deductible she paid for her medical expenses and $38.50 for the loss of personal items which were in the vehicle when it was stolen.
A court may not order a defendant to pay restitution for damages arising out of crimes for which he was acquitted. Barkley v. State, 585 So.2d 418 (Fla. 1st DCA 1991). In this case, the jury, in essence, acquitted DeLong of robbery. The medical expenses were the result of the robbery which involved the initial taking. There is no direct or indirect relationship between the victim's injuries and the continued use of the stolen vehicle. We, therefore, reverse the final judgment of restitution for $412 awarded to the insurance company. We also reverse in part the final judgment of restitution awarding the victim $138.50 and direct the trial court to reduce that final judgment by the $100 which was the deductible she paid for her medical expenses.
DeLong contests the $38.50 which the trial court awarded the victim for loss of personal items in the vehicle. We affirm this award because the state presented testimony that these items were in the car when the vehicle was stolen and not found when the vehicle was recovered a few hours later. DeLong never testified that these items were not in the vehicle when he took possession of the car. This case can be distinguished from the case of Moore v. State, 623 So.2d 842 (Fla. 5th DCA 1993). Moore was convicted of grand theft of a motor vehicle. Moore admitted that he bought the truck, knowing that it was stolen. The truck was in another person's possession for five weeks after it was stolen and before Moore bought it. Moore testified that there were no tools in the truck when he received it. Based on these facts, the Fifth District reversed the order of restitution for the tools. As shown above, the facts in the instant case are substantially different. We, therefore, conclude that the trial court did not err in ordering DeLong to pay the victim $38.50 for the loss of her personal items.
Reversed in part; affirmed in part.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Based on defense counsel's representation made at trial, appellant's correct name is DeJong. This opinion uses the name "DeLong" because that is how it appears on the two final judgments of restitution.