9 So.3d 714 (2009)
L.R.L., Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-2418.
District Court of Appeal of Florida, Second District.
April 17, 2009.
*715 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
L.R.L. appeals a restitution order following his delinquency adjudication for grand theft of a motor vehicle. He challenges the $2500 awarded for items that were inside the vehicle at the time it was stolen. We reverse.
This case involves the theft of a truck from the parking lot of a construction company. No one saw the theft, but the police were notified when the stolen vehicle was spotted on the road several days later. L.R.L. was the driver and was apprehended. He later admitted that he knew the truck was stolen but denied that he was the one who stole it from the parking lot.
At the restitution hearing, the victim testified about damage to the truck. L.R.L. does not challenge the amount awarded for this damage. The victim also testified about items that were in the truck at the time it was stolen-technical drawings, a laptop, and a camera. L.R.L. objected to paying restitution for these items. He argued then, as he does on appeal, that the State failed to offer any evidence connecting him to the loss of these items. We agree.
The statute applicable to juveniles provides that a child may be ordered to pay restitution "for any damage or loss caused by the child's offense." § 985.437(2), Fla. Stat. (2007). The statute applicable to adults provides that restitution is properly awarded for "[d]amage or loss caused directly or indirectly by the defendant's offense" and "[d]amage or loss *716 related to the defendant's criminal episode." § 775.089(1)(a), Fla. Stat. (2007). The courts have treated the two restitution statutes in a similar fashion. T.J.N. v. State, 977 So.2d 770, 771 n. 1 (Fla. 2d DCA 2008).
Here, there was no evidence that the loss of items inside the vehicle was caused directly or indirectly by L.R.L.'s offense, nor was there evidence that the loss was related to his criminal episode. L.R.L. testified that the items were not in the truck when he received it. His grand theft conviction was based on his knowing possession of stolen property; the State introduced no evidence to show that L.R.L. was the actual thief. "[I]f a defendant possesses property that he knows is stolen, he can be convicted of theft." M.D.S. v. State, 982 So.2d 1282, 1284 (Fla. 2d DCA 2008).
The State presented no evidence that L.R.L. was ever in possession of the items missing from the truck after it was recovered. Thus, we conclude that the court erred in awarding $2500 in restitution for these items. See Crosby v. State, 637 So.2d 341 (Fla. 2d DCA 1994) (concluding that State failed to connect victim's loss of cattle to defendants' criminal acts); Dyer v. State, 622 So.2d 1158 (Fla. 5th DCA 1993) (reversing restitution award for ring missing from stolen vehicle when State failed to establish that loss of ring was connected to defendant's theft of vehicle); Moore v. State, 623 So.2d 842 (Fla. 5th DCA 1993) (reversing restitution award for tools lost from stolen truck when defendant testified that he bought stolen truck but denied that tools were inside); cf. DeLong v. State, 638 So.2d 1054 (Fla. 2d DCA 1994) (distinguishing Moore and affirming restitution for personal items inside stolen vehicle when vehicle was recovered within a few hours of theft and defendant never testified that the items were not in the car when he took possession). Accordingly, we reverse the award of $2500 in restitution. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
FULMER and KHOUZAM, JJ., Concur.