ZEHMER, Judge.
J.M.H. appeals an order adjudicating him a delinquent child and committing him to the custody of the Department of Health and Rehabilitative Services. The order requires that J.M.H. be placed in a level six halfway house for an indeterminate time not to exceed his nineteenth birthday or the maximum allowed by law, and that upon discharge from commitment he be placed on community control under the supervision of the department subject to the several conditions described in paragraph 3 of the form order, including that he:
(e) Make restitution jointly and severally in the amount of $1,353.00 to the City of Jacksonville. Shall pay $100.00 per month to Mr. Jones. Shall pay $25 to the Counselor to the Clerk plus fee.
(1) Shall obtain part time employment. J.M.H. argues that the trial court erred in imposing condition (e) as there was no finding, nor was there any evidence to support a finding, that he had the present ability to pay restitution. We hold that an unemployed or incarcerated delinquent child may nevertheless be ordered to pay restitution without a showing of a present ability to pay if the court conditions the payment of restitution on the delinquent’s obtaining employment with sufficient earnings to reasonably enable the child to comply with the restitution requirement.
Chapter 39, Florida Statutes (Supp. 1990), authorizes the court to impose restitution on a minor who has been adjudicated a delinquent child. Section 39.052(3)(e)4 states:
The court may also require that the child be placed in a community control program following the child’s discharge from commitment. Community-based sanctions pursuant to paragraph (f) may be imposed by the court at the disposition hearing or at any time prior to the child’s release from commitment.
Section 39.052(3)(f) states in part:
Community-based sanctions may include, but are not limited to, participation in substance abuse treatment, restitution in money or in kind, a curfew, revocation or suspension of the driver’s license of the child, community service, and appropriate educational programs as determined by the district school board.
(Emphasis added). Section 39.054(1) states:
The court which has jurisdiction of an adjudicated delinquent child shall have the power, by an order stating the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing, to:
* * * * * *
(f) As part of the community control program to be implemented by the department, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child’s release from commitment, order the child or parent to make restitution in money or in kind for any damage or loss caused by the child’s offense in a reasonable amount or manner to be determined by the court.
(Emphasis added). Section 39.054(l)(a)2 states in part:

When restitution is ordered by the court, the amount of restitution shall not exceed an amount the child and his parents could reasonably be expected to pay or make.

(Emphasis added).
In this case, the transcript of the hearing reflects the judge’s intention that once *396 J.M.H. is released to community control, he is required to obtain legitimate part-time employment and pay restitution from those employment earnings.[1] Section 39.-054(l)(a)2 clearly authorizes the trial court to order a delinquent child to pay restitution in an amount that the child can reasonably be expected to pay in money. The statutory provisions authorize the court to require that restitution be paid in the future so long as there is a reasonable likelihood that the delinquent child is capable of obtaining remunerative employment that will provide sufficient earnings to meet that obligation. We do not construe the statutory provisions as requiring that the delinquent child have the present ability to pay the ordered restitution at the time of the hearing. It is only necessary that the amount of restitution ordered not exceed an amount the child could reasonably be expected to pay once he obtains employment. Most certainly, $25 per month conforms with this requirement. However, the condition to pay restitution should also make clear that the obligation to pay begins upon the child’s obtaining earnings from employment that will permit him to comply with the condition.
As the state conceded at oral argument, the appealed order must be reversed because the written language in condition (e) is patently confusing if not meaningless, and does not accurately set forth the conditions expressed by the court at the delinquency hearing, viz, to require J.M.H. to pay restitution to Mr. Jones in the total amount of $100 at the rate of $25 per month and, once the debt to Mr. Jones is satisfied, to pay restitution to the City of Jacksonville in the total amount of $1,353 at the rate of $25 per month. Since we find nothing legally wrong with the intended conditions of restitution, we reverse and remand for entry of an order that does accurately express the court’s intention expressed at the hearing. The order should make clear that the obligation to commence paying restitution becomes effective upon J.M.H. obtaining employment.
REVERSED AND REMANDED.
BARFIELD and ALLEN, JJ., concur.

. The court expressly found that J.M.H. has the ability to obtain such employment.