601 So.2d 278 (1992)
In the Interest of J.A.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2230.
District Court of Appeal of Florida, First District.
June 5, 1992.
Rehearing Denied July 29, 1992.
Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
J.A.M. has appealed a condition of community control, imposed in the order of disposition sentencing him for burglary, requiring him to "[m]ake restitution in the amount of $3,800.00 jointly and severally to the victim" at the rate of $200.00 per month commencing on July 15, 1991. Appellant contends that the trial court erred in failing to determine that he has the present ability to pay the ordered restitution at the level required.
As to the exact issue raised by appellant, an unemployed or incarcerated delinquent child may nevertheless be ordered to pay restitution without a showing of present ability to pay. J.M.H. v. State, 589 So.2d 394 (Fla. 1st DCA 1991). The court must only determine what the defendant may reasonably be expected to earn upon finding suitable employment and base the amount of restitution on those earnings. Here, based on past history, the $200 per month restitution imposed does not appear to exceed the amount the child could reasonably be expected to pay or make. § 39.054(1)(a)2, Fla. Stat. (1989).
However, J.M.H. also held that, in these cases, the condition to pay restitution should make clear that the obligation to pay begins upon the child's obtaining earnings *279 from employment that will permit him to comply with the condition. J.M.H. at 396. Here, the condition mandates the commencement of restitution payments on a date certain (July 15, 1991), whether or not J.A.M. has obtained employment. Therefore, while we affirm the condition of restitution imposed by the trial court, we remand with directions to strike the date certain established for commencement of the payment, and to substitute language providing that payments are to commence upon J.A.M.'s obtaining employment, which he must make all reasonable efforts to obtain.
JOANOS, C.J., ZEHMER and KAHN, JJ., concur.