PER CURIAM.
The defendant, a fifteen-year old juvenile, appeals a judgment and restitution order determining the total amount of damage to be $10,089.46, but deferring a decision on what payments will be required until the defendant is 16 or obtains employment. We affirm that order, entered on July 31, 1996, as a proper exercise of the court’s discretion in sentencing.
Pursuant to a plea agreement, the trial court placed the defendant on community control. The disposition order required the “child and parent” to pay restitution in an amount “to be further ordered by the Court.” At a restitution hearing, the court heard evidence concerning damages caused in the criminal incidents. Additionally, there was evidence concerning the limited present ability of the defendant and her family to make restitution. Being only 15, the defendant had no money and no job. Her work experience was limited to babysitting. She lived with her parents and did not attend school, although she said that she planned to return to school and stay until at least the tenth grade. She had completed only the sixth grade. The defendant pointed out that there are limited job opportunities for fifteen-year-olds “with burglary charges.” If she were to start working, she could work about 40 or 50 hours a week, including weekends. The defendant’s parents had no savings and no assets except a 1984 Chevrolet. The mother worked for an hourly wage; the father expected to return to work after recovering from a back injury.
Based on the evidence, the court entered a restitution order liquidating restitution for a number of victims at a total of $10,089.46. As to actual payments, the order provided:
The child shall begin the payment of the restitution within sixty (60) days of her sixteenth birthday or within sixty (60) days of obtaining employment, whichever comes first. The monthly amount of restitution shall be determined by this Court no later than thirty (30) days following either the Child’s sixteenth birthday, or the Child gaining employment, whichever comes first.
The restitution order required the defendant to “make all reasonable efforts to obtain employment as soon as legally permitted.” The court reserved jurisdiction to enforce restitution beyond the defendant’s nineteenth birthday, pursuant to subsection 39.022(4)(c), Florida Statutes (1995).
The defendant argues that the imposition of restitution in this case contravened subsection 39.054(l)(a)l, which provides:
When restitution is ordered by the court, the amount of restitution may not exceed an amount the child and the “parent or guardian could reasonably be expected to pay or make.
(Emphasis supplied). Chapter 39 “gives the trial court flexibility in fashioning restitution requirements that change as the child ages and his potential to generate income increases.” A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996). Subsection 39.054(1)(a)2 permits the court to conduct review hearings for a child placed on community control “for the purpose of fostering ... compliance with ... restitution and community service.” Id. A court may retain jurisdiction over a juvenile until a “restitution order is satisfied.” § 39.022(4)(c).
Subsection 39.054(l)(a)l should be read in the context of a flexible statutory scheme that encourages restitution both to compensate victims and to serve the rehabilitative and deterrent goals of the criminal justice system. See J.K v. State, 695 So.2d 868 (Fla. 4th DCA 1997). As part of a section dealing with community control, the subsection 39.054(l)(a)l ceiling on restitution should be read to apply to payments mandated as a condition of community control, and not to the setting of a total amount of restitution in a restitution order.
Courts frequently evaluate a person’s present ability to pay a certain amount. It is demanding the impossible to require a trial court to peer into the future, forecast a child’s earning ability and then fix a total restitution figure in stone, based on a guesstimate of what the child “could reasonably be expected to pay.” Since younger defendants will almost always have no assets or present earning ability, a strict reading of the statute *397 would so severely limit awards that the restitution component of many sentences would be obliterated. A more reasonable reading of the statute allows the court to revisit the payment schedule issue as the child ages and life skills and earning capacity crystallize.
Here, the trial court adequately inquired into the juvenile defendant’s ability to pay restitution. Her present inability to pay anything was apparent. For this reason, the court required no present payment. To revisit the payment issue at a later date is consistent with Chapter 39. This was not a case where the court ordered payments without making any inquiry into the child’s ability to pay. Cf. In re J.M., 601 So.2d 604, 606 (Fla. 4th DCA 1992). Only where a court orders an unemployed child to begin making restitution payments must it “determine what the child may reasonably be expected to earn upon finding suitable employment and base the amount of restitution on those earnings.” A.J., 677 So.2d at 938. This case presents a proper exercise of the court’s sentencing discretion within the parameters of Chapter 39.
After the final judgment of restitution was rendered in this case, the trial court entered two additional orders increasing the amount of restitution. This was error. Once a trial court renders a final order imposing restitution, double jeopardy considerations prohibit it from subsequently increasing the amount. See Strickland v. State, 681 So.2d 929, 930 (Fla. 3d DCA 1996); Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982); see also Macias v. State, 572 So.2d 22, 23 (Fla. 4th DCA 1990). However, rather than reverse, because the trial court entered these orders after the notice of appeal had been filed in this case, we vacate the orders for lack of jurisdiction. See M.C.L. v. State, 682 So.2d 1209, 1214 (Fla. 1st DCA 1996).
AFFIRMED.
GLICKSTEIN, PARIENTE and GROSS, JJ., concur.