PER CURIAM.
We reverse the April 30, 1999 order reinstating appellant’s community control. The trial court was without the power to enter the order after previously terminating supervision.
We affirm the restitution order fixing the amount of restitution at $30,725.04. Section 985.231(l)(a)l.a., Florida Statutes (1999) “should be read to apply to payments mandated as a condition of community control, and not to the setting of a total amount of restitution in a restitution order.” M.H. v. State, 698 So.2d 395, 396 (Fla. 4th DCA 1997) (discussing the effect of section 39.054(1)(a)1, Florida Statutes (1995)); see § 985.01(l)(c), Fla. Stat. (1999) (identifying as a purpose of Chapter 985 to provide “whenever possible restitution to the victim of the offense”). In this case, the practical effect of the restitution order is to leave open the possibility of a civil remedy under section 775.089(5).
AFFIRMED IN PART; REVERSED IN PART.
STONE, POLEN and GROSS, JJ., concur.