KELLY, Judge.
R.D.S. appeals the order requiring him to pay $1635.29 in restitution. We find no merit in his argument on appeal that the trial court erred in imposing restitution without determining his ability to pay. An unemployed or incarcerated delinquent child may be ordered to pay resti *721 tution without a showing of present ability to pay. J.A.M. v. State, 601 So.2d 278 (Fla. 1st DCA 1992). The court must only determine what the child may reasonably be expected to earn upon finding suitable employment and base the amount of restitution on those earnings. § 985.231(l)(a), Fla. Stat. (2001); A.J. v. State, 677 So.2d 935 (Fla. 4th DCA 1996); J.M.H. v. State, 589 So.2d 394 (Fla. 1st DCA 1991).
The record reveals that at the May 6, 2002, restitution hearing, R.D.S.’s counsel informed the trial court that while R.D.S. was currently unemployed, he intended to get a job. Based upon this assertion, the trial judge ordered R.D.S. to pay $25 per month commencing on July 1, 2002. We cannot conclude that $25 per month exceeds the amount R.D.S., age seventeen at the time, could reasonably be expected to earn. See § 985.231(l)(a). Accordingly, the restitution imposed by the trial court is affirmed.
We find merit, however, in R.D.S.’s argument that the trial court erred in ordering payment of restitution to begin before he obtained employment. The restitution order provides that “[pjayments are to be made in installments of $25 per month beginning on July 1, 2002.” On remand, the trial court is directed to strike the date specified in the order for commencement of the payments, and order that payments be made once R.D.S. obtains suitable employment that will enable him to comply with the order, for which he must make all reasonable efforts to obtain. See L.J.H. v. State, 627 So.2d 593 (Fla. 2d DCA 1993); J.A.M., 601 So.2d at 279.
Affirmed; remanded with directions.
SALCINES and COVINGTON, JJ„ Concur.