910 So.2d 361 (2005)
R.S.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3867.
District Court of Appeal of Florida, Second District.
September 16, 2005.
*362 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
In a motion filed pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2), R.S.M. preserved two claims of error directed to the order requiring him to pay restitution. R.S.M. is entitled to relief on both claims.
The trial court found that R.S.M. committed criminal mischief for vandalizing the building belonging to the Moose Lodge on East Lake Parker Drive in Lakeland, in addition to other offenses unrelated to this appeal. The court committed R.S.M. to a low-risk residential facility and imposed restitution as a condition of postcommitment probation.
Following a restitution hearing, the court entered an order requiring R.S.M. to pay $2160 in restitution upon his release from commitment "at the rate of $50"  without further explanation. At the hearing, the trial court had orally pronounced that R.S.M. shall pay the restitution in monthly installments of $50 each. R.S.M. preserved the scrivener's error in his rule 8.135(b)(2) motion. Therefore, we remand for correction of the written order to conform to the trial court's oral pronouncement. See A.S. v. State, 714 So.2d 1038 (Fla. 2d DCA 1998).
In his rule 8.135(b)(2) motion, R.S.M. also contended that because he was unemployed and incarcerated at the time of the restitution order, the order should have provided that payments shall be made upon his release once he obtains "suitable employment that will enable him to comply with the order, for which he must make all reasonable efforts to obtain." See R.D.S. v. State, 844 So.2d 720, 721 (Fla. 2d DCA 2003).
The statute authorizing the juvenile court to impose restitution as a penalty component of a probation program or postcommitment probation program does not require that the delinquent child have the present ability to pay. See § 985.231(1)(a), Fla. Stat. (2003); R.D.S., 844 So.2d at 720; J.M.H. v. State, 589 So.2d 394, 395-96 (Fla. 1st DCA 1991) (construing the predecessor statute in chapter 39). The court may "require that restitution be paid in the future so long as there is a reasonable likelihood that the delinquent child is capable of obtaining remunerative employment that will provide sufficient earnings to meet that obligation." J.M.H., 589 So.2d at 396. Accordingly, the restitution order should specify "that the obligation to pay begins upon the child's obtaining earnings from employment that will permit him to comply with the condition." Id. In addition, the child should be required to "make all reasonable efforts" to find suitable employment. R.D.S., 844 So.2d at 721; L.J.H. v. *363 State, 627 So.2d 593, 594 (Fla. 2d DCA 1993).
At the hearing, the trial court contemplated that R.S.M. would pay restitution from his earnings upon his release from commitment. However, the court failed to direct that the payments shall begin once R.S.M. obtains suitable employment, which he must make all reasonable efforts to obtain, so as to enable him to comply with the restitution order. On remand, the trial court shall amend the restitution order accordingly. In all other respects, the order directing R.S.M. to pay restitution is affirmed.
Affirmed in part, reversed in part, and remanded with directions.
FULMER, C.J., and DAVIS, J., concur.