STRINGER, Judge.
In this appeal which was initially briefed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we ordered supplemental briefing on the issue of whether the trial court’s findings at the restitution hearing were sufficient to support the trial court’s order of restitution imposed as part of K.T.M.’s sentence. Having received the supplemental briefs, we affirm the disposition order and sentence in all respects but one. On the sole issue of the amount of restitution to be paid, we reverse and remand for further proceedings.
The State charged K.T.M. and two other juveniles with burglary of a dwelling, burglary of a conveyance, grand theft, and grand theft motor vehicle for events which occurred between May 3 and May 7, 2006. As part of a negotiated plea agreement with the State, K.T.M. pleaded guilty to burglary of a conveyance and grand theft, and the State dropped the remaining charges. As part of his plea agreement, K.T.M. agreed to pay restitution in an amount to be determined by the court. The trial court accepted K.T.M.’s plea, withheld adjudication, and placed K.T.M. on probation. The trial court also re *543 served jurisdiction to consider the issue of the amount of restitution.
At a subsequent restitution hearing, the State presented evidence concerning the amount of damage caused by K.T.M. and his codefendants. K.T.M. then testified concerning what damage he had caused and which of the other two defendants had caused the remainder of the damage. Neither the State nor K.T.M. offered any evidence concerning KT.M.’s ability to earn money or ability to pay restitution. After considering the evidence presented, the trial court found that K.T.M. was jointly and severally liable for all of the damage, and it entered an order requiring K.T.M. to pay restitution in the full amount of the victim’s damages. The trial court’s order made no findings concerning K.T.M.’s ability to earn money or ability to pay restitution.
In M.W.G. v. State, 945 So.2d 597, 601 (Fla. 2d DCA 2006), this court held that it is reversible error for a trial court to order restitution to be paid by a child without making findings concerning the child’s ability to earn and ability to pay. In doing so, this court stated:
Section 985.231(1)(a)(1)(a), Florida Statutes (2003)[1] states that when restitution is ordered to be paid by a juvenile, “the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make.” In addition, section 985.231(1)(a)(6) states that if the court orders the child to pay restitution, it must be “in a reasonable amount or manner to be determined by the court.”
This court and others have repeatedly held that these statutes do not require that the trial court find that the child has the present ability to pay restitution. See, e.g., R.S.M. v. State, 910 So.2d 361, 362 (Fla. 2d DCA 2005); R.D.S. v. State, 844 So.2d 720, 720-21 (Fla. 2d DCA 2003); A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996). Instead, the court must determine what the child may reasonably be expected to earn upon finding suitable employment and must base the restitution amount on those expected earnings. R.D.S., 844 So.2d at 721; A.J., 677 So.2d at 938; J.A.M v. State, 601 So.2d 278 (Fla. 1st DCA 1992). When no evidence of what the child could reasonably be expected to earn is presented at the restitution hearing, the trial court cannot make a finding on this issue. See A.J., 677 So.2d at 938; see also N.C. v. State, 774 So.2d 867, 868 (Fla. 2d DCA 2000); In Interest of C.D.D., 684 So.2d 866, 867 (Fla. 2d DCA 1996). In the absence of such a finding, an appellate court must reverse the restitution order and remand for a hearing on the child’s ability to earn and ability to pay. A.J., 677 So.2d at 938.

Id.

Here, as in M.W.G., the trial court failed to make any findings concerning KT.M.’s ability to earn and ability to pay before ordering K.T.M. to pay restitution in the full amount of the victim’s damages. The State has conceded that this lack of findings requires us to reverse the restitution order. Accordingly, we reverse the order imposing restitution and remand for a new restitution hearing at which the trial court must address K.T.M.’s ability to earn and ability to pay before determining the amount of restitution to be awarded. In all other respects, the disposition and sentence are affirmed.
*544 Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and KELLY, JJ., Concur.

. Section 985.231(1)(a)(1)(a), Florida Statutes (2003), has been amended and transferred to section 985.437, Florida Statutes (2006). See Ch. 2006-120, § 47, Laws of Fla. The relevant portions of the statute remain unchanged.