PER CURIAM.
E.J., a juvenile, appeals an order imposing restitution following his plea of guilty to first-degree misdemeanor battery. Because of the absence of proof regarding E.J.’s present or future ability to pay the restitution, we reverse.
At the restitution hearing, the State presented medical bills in excess of $20,000. There was no evidence establishing the juvenile’s present or future ability to pay that amount. The court found the juvenile did not have the present ability to pay. However, the court orally set the restitution amount at $21,474 and retained jurisdiction to review ability to pay every six months.
We reverse the restitution order on the authority of M.W.G. v. State, 945 So.2d 597 (Fla. 2d DCA 2006). In M.W.G., the court reversed a restitution order entered against an unemployed child because the court did not make any findings, and no evidence was presented, as to what the child could reasonably be expected to earn, or whether the child could reasonably be expected to earn sufficient income to pay the ordered restitution. Id. at 601.
While there is no requirement that a child be employed before a restitution order can be entered against him or her, J.A.B. v. State, 993 So.2d 1150 (Fla. 2d DCA 2008), and M.W.G., there must be some testimony to support the finding that the juvenile can reasonably pay the ordered amount. Here, the juvenile testified that he was fifteen and had no prospects of employment. He was in detention at the time of the hearing and awaiting disposition in another case. He was doubtful of his chances to secure employment based on his juvenile record. In the absence of any evidence, restitution cannot be ordered.
Recognizing this problem, the trial court essentially deferred the “ability to pay” fact finding by setting the case for future status conferences every six months. This approach does not satisfy the requirements of section 985.231 Fla. Stat. (2007).
There is, however, authority to defer the restitution payment findings until certain specific events occur. For example, in M.H. v. State, 698 So.2d 395 (Fla. 4th DCA 1997), restitution was ordered as part of the juvenile’s community control. The payments were ordered to begin within 60 days of the child turning sixteen or finding employment. In I.M. v. State, 958 So.2d 1014 (Fla. 1st DCA 2007), the court set up a restitution payment plan, but the first installment was deferred until the child graduated high school or turned eighteen. *253 These orders are distinguishable from the open-ended deferral ordered in this case.
Based on the foregoing, we must reverse the restitution order and remand for a hearing on the child’s ability to earn and to pay. If the court again imposes restitution on remand, it must make the findings required by section 985.231(1)(a)1.a., Florida Statutes (2006).
Reversed and remanded.