SHEPHERD, J.,
dissenting.
I respectfully dissent.
This is an appeal from an order imposing $135 in restitution to be paid in installments of twenty dollars per month. Although this amount presumptively might seem reasonable, there is no record evidence of the juvenile’s expected ability to pay, nor was there any finding made by the trial court in that regard. Our case law is fairly consistent in the interpretation of section 985.437, Florida Statutes (2011), as requiring an ability-to-pay finding before a court orders juvenile restitution. See E.J. v. State, 1 So.3d 251 (Fla. 3d DCA 2008); K.T.M v. State, 969 So.2d 542 (Fla. 2d DCA 2007); M.W.G. v. State, 945 So.2d 597, 601 (Fla. 2d DCA 2006) (“When no evidence of what the child could reasonably be expected to earn is presented at the restitution hearing, the trial court cannot make a finding on this issue. In the absence of such a finding, an appellate court must reverse the restitution order and remand for a hearing on the child’s ability to earn and ability to pay.”) (citations omitted).
I would not deviate from this requirement for the sake of convenience, because *412 what seems facially reasonable to the trial court might not be feasible for all families. Accordingly, I would reverse the restitution order and remand for the trial court to determine the ability of the juvenile or his legal guardian to pay the amount ordered.