PER CURIAM.
Appellant, Kyle Leatherwood, appeals the order of restitution rendered after his open plea of no contest to the charge of grand theft. The victim did not testify at the restitution hearing regarding her opinion of the value of the four gold pieces of jewelry that were stolen by Leatherwood and never recovered. Over Leatherwood’s objections, the State sought *1155 to introduce an appraisal letter from a jeweler to establish the value of the stolen jewelry. However, the State failed to properly qualify the letter as a business record pursuant to section 90.808(6) and section 90.902(11), Florida Statutes (2012). The State, therefore, failed to prove the amount of restitution with substantial competent evidence. See Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005) (“The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence. Restitution must be proved by substantial competent evidence.” (internal citations omitted)); see also Fernandez v. State, 98 So.3d 730 (Fla. 2d DCA 2012) (holding that value of stolen items, which included jewelry, was not proven with substantial competent evidence and remanding for a new restitution hearing); Bellot v. State, 964 So.2d 857 (Fla. 2d DCA 2007) (holding that State failed to prove certain restitution awards by substantial competent evidence and remanding for a new hearing); Walters v. State, 888 So.2d 150 (Fla. 5th DCA 2004). We reverse the restitution order under review and remand this case to the trial court for a new hearing to determine the proper amount of restitution.
REVERSED and REMANDED.
ORFINGER, C.J. and COHEN, J., concur.
SAWAYA, J., dissents without opinion.