WARNER, J.
S.S. and C.T. appeal orders of restitution entered after their pleas to burglary and criminal mischief. The trial court ordered restitution for items not contained within the arrest affidavits or in the facts admitted by the juveniles. The order contained no findings as to the juveniles’ respective abilities to pay. We reverse the order of restitution because the trial court included property not within the arrest affidavit and because the order contained no findings regarding ability to pay.
S.S. and C.T., who were both seventeen, were arrested on charges of burglary, criminal mischief, and grand theft. The arrest affidavit for S.S. indicates that the property taken was: “Xbox game console with controllers, Fujifilm digital camera, (17) Video games” with “Approximate Total Value: $520.00.” It also listed interior damage to the residence of $15,000. The *501 arrest affidavit for C.T. indicates that the property taken was: “Wenger Watch, Surf Board, Skate Board, Picture Frame, Decorative glass plate[,] Band Aids, Change/Money” with “Approximate Total Value: $365.82,” as well as interior damage to the residence of $15,000.
S.S.entered a no contest plea to the burglary and criminal mischief counts, while the state nolle prossed the grand theft count as part of the plea agreement. The plea agreement stated that S.S. “agrees to pay restitution due for all counts, in an amount to be determined[.]” C.T. likewise entered a no contest plea with the same terms of the agreement; C.T.’s plea agreement indicated that she “agrees to pay restitution in an amount to be determined[.]” At S.S.’s change of plea hearing, the prosecutor pointed out “for the record that there is restitution for Count 3 [grand theft] as well,” and S.S. agreed to pay restitution at that time. At C.T.’s hearing, the prosecutor again pointed out that although the state was “dropping Count 3, ... everybody agrees that there were items stolen from the house and there will be restitution for the stolen items ... and everybody understands that we’re going to have a restitution hearing, that restitution is going to be in, probably to exceed $20,000.” C.T. indicated that she understood. Both S.S. and C.T. were sentenced to juvenile probation; adjudication of delinquency was withheld.
At the disposition hearing, after listening to S.S.’s taped statement, the court inquired of her as to whether she understood how long it would take to pay back $20,000 if the state proved that amount. S.S.stated that she did and was trying to get a job at a sandwich shop. The court also asked C.T. whether she understood that she could have a civil judgment against her, to which C.T. responded that she did. An insurance company claims representative testified that the insurance company had paid out in excess of $49,000 for damages to the residence and for lost personal property, although the personal property payments to the victim were based on replacement cost, not the value of the item at the date of the loss. The insurance company paid the victim $9,619.29 for the damage to the interior of the home. It paid $2,532.54 directly to a company for home repairs and $200 for loss of silver coins. It also paid the victim $2,500 for luxury items taken.
The victim also testified at the restitution hearing. He claimed that his Rolex watch had been taken. Eight years earlier, he paid $8,041.85 for the watch; however, this was also the appraisal value. He also stated that a diamond bracelet had been taken. He did not know its value, but on the insurance adjustor’s summary the bracelet was listed at $6,995. Although the trial court did not admit an appraisal on these items, it did admit the summary prepared by the insurance company containing these same values.
Counsel objected to restitution for the Rolex watch and the bracelet, because they were not contained within the charging documents. Over this objection, the trial court granted restitution to the victim of $12,747.04 which consisted of the appraised value of the Rolex watch and diamond bracelet less the $2,500 payment from his insurance company for these items plus his deductible on the property damage of $1,000. It granted restitution to the insurance company in the amount of $14,851.83, rejecting $34,000 of the company’s payment because the company had not presented evidence of the fair market value of the property taken, only its replacement value. It entered an order finding both juveniles jointly and severally liable for the total of $27,598. Both juveniles appealed this order.
*502 After filing the appeal, both juveniles moved to correct a disposition error pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2).- They argued that the trial court erred in failing to consider the ability to pay restitution before determining the amount of the restitution order. The trial court denied the motion to vacate the restitution orders on this ground, although it did grant the motions to reduce restitution by minor amounts unrelated to the issues in this appeal.
The juveniles contend that the court erred in ordering restitution for the Rolex watch and diamond bracelet which the victim claimed was taken, because these items were not within the arrest affidavit, the factual basis for the plea, nor in any discovery that the juveniles received prior to the plea. “[W]hen a defendant agrees to pay restitution as part of a plea agreement, the defendant’s agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea....” Malarkey v. State, 975 So.2d 538, 540-41 (Fla. 2d DCA 2008). We recently agreed with Malarkey in T.J.J. v. State, 121 So.3d 635 (Fla. 4th DCA 2013), where under similar circumstances to those present in this case we held that, in order for the court to require restitution, either the arrest affidavit or the facts admitted by the juvenile at the time of the plea must include the items for which the court orders restitution.
In this case, the arrest affidavits did not list either the Rolex or the diamond bracelet, and they were not mentioned at the change of plea hearings. In fact, at those hearings, the state represented that the victim’s damages were the amount of his deductible, or $1,000. The first mention of the two items was an insurance summary provided to the juveniles’ attorney after the entry of their pleas.[1] Consistent with T.J.J. and Malarkey, we reverse the restitution order with respect to these two items. For the victim, this will reduce the amount he is to receive in restitution to $1,000, or his deductible. For the insurance company, this will reduce its award by the $2,500 which it paid to the victim for these two items.
The juveniles also argue that the court did not comply with section 985.437(2), Florida Statutes, when it failed to make any findings that the juveniles had the ability to pay the restitution amount. The state argues that the issue was not preserved and also that it was not error. We conclude that the issue was preserved when the juveniles filed them Rule 8.135(b)(2) motions, and we find that the trial court erred in failing to make findings regarding the statutory requirement.
When the juveniles entered their pleas to the crimes, they affirmatively agreed on the record to make restitution. They also knew the amount could be as much as $20,000. Both children were in school and did not have jobs. At the disposition hearing, the trial court ordered both children to obtain at least part-time jobs and required them to make at least three job applications per week until they found employment. Other than to inquire about their school status, the court made no further inquiry, nor did it inquire of the situa *503 tion of the children’s parents. No other evidence of the respective circumstances of the juveniles was presented at the restitution hearing. Neither the order of disposition nor the restitution order provided any-finding that the children and their parents could reasonably be expected to repay the amounts ordered.[2]
Section 985.437(2)[3], Florida Statutes, provides that in the context of juvenile delinquency proceedings, “When restitution is ordered by the court, the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make.” Although a child need not have a present ability to pay restitution, the court must make a finding as to the juvenile’s expected earning capacity prior to setting an amount for restitution. See M.W.G. v. State, 945 So.2d 597, 601 (Fla. 2d DCA 2006); A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996). In the absence of such findings, the appellate court must reverse the restitution order and remand for a hearing to determine the child’s ability to pay.[4] See K.T.M. v. State, 969 So.2d 542, 543 (Fla. 2d DCA 2007); see also C.Y. v. State, 989 So.2d 1235, 1237 (Fla. 4th DCA 2008) (noting the absence of findings of ability to pay in a juvenile restitution order). These findings are absent from the court’s orders in this case. In accordance with the foregoing authorities, we reverse for a hearing in which both juveniles’ ability to pay is determined.
The juveniles did not raise the non-compliance with section 985.437(2) until they filed post-disposition motions pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2), the juvenile rule equivalent to Florida Rule of Criminal Procedure 3.800(b)(2). The state contends that they did not preserve the issue, as the rule does not apply to insufficiency of proof. In Jackson v. State, 983 So.2d 562 (Fla.2008), the court explained that the rule was intended to permit correction of errors in the order itself:
The rule was intended to permit preservation of errors in orders entered as a result of the sentencing process — in other words, errors in cost and restitution orders, probation or community control orders, or in the sentence itself. It was not intended to abrogate the requirement for contemporaneous objections.
Id. at 566. In this case, however, the error is in the order itself, entered as a result of the sentencing process. The order did not contain the requisite findings of ability to pay in determining the amount of restitution. Thus, the juveniles could move to correct it by filing a Rule 8.135(b)(2) motion, preserving the issue for appeal.
Although the juveniles pled to the charges and agreed to pay some amount of restitution, the court has a duty to assure *504 that the amount is within the child’s ability to pay. The court did not make any findings, on the issue. As we noted in A.B. v. State, 910 So.2d 415, 417 (Fla. 4th DCA 2005), the trial court must determine the ability to pay prior to setting restitution.
For the foregoing reasons, we reverse the orders of restitution to determine the amount after making findings as to each juvenile’s ability to pay. We also direct that any restitution order eliminate restitution for the Rolex watch and diamond bracelet in accordance with this opinion.
Reversed and remanded for further proceedings.
CIKLIN and CONNER, JJ„ concur.

. Because more persons than just the two juveniles entered the victim’s residence on more than one occasion, it is entirely plausible that the juveniles had no knowledge at all of any theft of the Rolex or bracelet, assuming that they were taken during the time when dle juveniles were in die home. Thus, without knowing about these items, they would not have understood that their agreement regarding restitution would have included them.

. The state erroneously suggests in its brief that the order of disposition contained a finding that the child and her parents could reasonably pay the restitution amount. That section of the pre-printed form was not checked or filled in. Instead, the trial court checked the subsequent form which scheduled a hearing on restitution. The restitution order itself did not contain a finding that the child could reasonably pay the amount.

. The previous version of this statute was located in section 985.231.

.That statute also refers to the parents’ ability to pay. Because the trial court has not imposed any restitution requirements on the parents, such as cosigning a note as set forth in section 985.437(2), the trial court need not consider the parents’ ability. If, however, the trial court would impose any requirement on the parents, the court would have to make findings as to their ability to pay.