DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.D.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4656

[December 10, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos Rodriguez, Judge; L.T. Case No. 12000441DL.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

A.D., a juvenile, appeals from a restitution order following the court's acceptance of his plea of no contest to one count of burglary of a dwelling and one count of grand theft. Appellant first argues that there was not sufficient valuation evidence to support the trial court's restitution order. We disagree, concluding that the record evidence supports the trial court's valuations. Next, Appellant argues that the trial court erred in awarding restitution for a camera because it was not specifically listed as an item stolen in the grand theft count contained in Appellant's petition for delinquency. Appellant is correct.

As we explained in *S.S. v. State*, 122 So. 3d 499 (Fla. 4th DCA 2013), "[w]hen a defendant agrees to pay restitution as part of a plea agreement, the defendant's agreement is limited to restitution arising out of the offense charged by the [s]tate as reflected in the information and/or by the factual basis for the plea." *Id.* at 502 (quoting *Malarkey v. State*, 975 So. 2d 538, 540–41 (Fla. 2d DCA 2008)). In other words, "in order for the court to require restitution, either the arrest affidavit or the facts

admitted by the juvenile at the time of the plea must include the items for which the court orders restitution." *Id.*

Here, there was no mention of a camera in the arrest affidavit, the petition for delinquency, or at the plea hearing. Accordingly, we reverse the restitution order as it pertains to the camera and remand for the trial court to recalculate the amount of restitution consistent with this opinion.

*Affirmed in Part; Reversed in Part and Remanded.*

STEVENSON and GROSS, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***