# Third District Court of Appeal

## State of Florida

Opinion filed April 08, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1894
Lower Tribunal No. 14-426
_____

**L.W., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before SUAREZ, ROTHENBERG, and LAGOA, JJ.

ROTHENBERG, J.

L.W. appeals the trial court's restitution order, which required L.W. to pay a total of $321.61 in $30 monthly installments, on the grounds that he was not present at the restitution hearing and the trial court did not make specific factual findings that L.W. could reasonably be expected to pay the amount of restitution ordered. L.W.'s attendance at the restitution hearing was waived. We therefore find no legal error on that point. However, we reverse and remand for the trial court to make factual findings as to whether L.W. can reasonably be expected to pay the restitution order.

The trial court adjudicated L.W. delinquent of burglary, petit theft, and resisting arrest without violence on June 18, 2014. The evidence introduced at L.W.'s adjudication hearing established that L.W. had broken a window in the victim's home during the course of the burglary. The State sought restitution for the damaged window, and the trial court scheduled both the disposition and restitution hearings to take place the following month on July 24, 2014. Although L.W. was present at the July 24, 2014, hearing, the State's only witness testifying as to the price of the window (Katrina Hudson, an employee of the window replacement company) was unable to attend. The State accordingly moved for a continuance of the restitution hearing on that basis. The trial court rescheduled the restitution hearing for the following week and informed L.W. that while he had an absolute right to attend the restitution hearing, he was not required to attend if he

2

so chose. L.W. did not respond aloud on the record, but the trial court subsequently found that "L.W.'s presence is waived on the [date of the restitution hearing]."

At the beginning of the restitution hearing, L.W.'s counsel objected to the hearing being conducted on that day because L.W. was not present. However, after the trial court read back the transcript where it found that L.W. had waived his right to attend, L.W.'s counsel withdrew the objection. The victim and Ms. Hudson were the only testifying witnesses at the hearing. The victim simply testified that the window had been broken during the course of the burglary, while Ms. Hudson explained the company's pricing procedures and testified that the total bill for the window replacement was $321.61. The trial court ordered that L.W. pay $321.61 in restitution in $30 monthly installments pursuant to section 985.437 of the Florida Statutes (2014) because the window had been broken during the course of the burglary and made the restitution a condition of L.W.'s probation. Although L.W.'s counsel suggested that the trial court conduct a hearing on L.W.'s ability to pay the restitution order, the trial court stated that such a hearing would not be necessary unless L.W. failed to make the required payments and a probation violation hearing was conducted.

Shortly after the restitution order was finalized, L.W. filed a motion to correct his sentence under Florida Rule of Juvenile Procedure 8.135(b)(2),[1] arguing

3

that the trial court was required to make specific factual findings regarding L.W.'s reasonable ability to pay the restitution order and that L.W.'s sentence was illegal because he was not present at the restitution hearing. The trial court denied L.W.'s motion, and L.W. timely appealed the order.

First, we briefly address L.W.'s argument that the restitution hearing should not have been held without his presence. While it is true that a defendant has a constitutional right to be present at all critical stages of the proceedings against him, and a restitution hearing is a critical stage, the defendant does not need to be present if he expressly waives the right to attend or if his waiver is implied by the defendant's voluntary absence from the proceedings. Baker v. State, 979 So. 2d 453, 455 (Fla. 2d DCA 2008). Here, the trial court informed the defendant that he had an absolute right to attend the restitution hearing if he so desired, but that his attendance was not necessary if he preferred not to attend. Shortly thereafter, the trial court made a finding on the record that the defendant had expressly waived his right to attend the hearing. On these facts, the trial court was correct in finding that L.W. waived his presence and then was voluntarily absent on the date of the hearing. Indeed, L.W.'s defense counsel seemed to recognize the futility of this argument when she withdrew her objection to holding the restitution hearing without L.W. present on that date.

---

[1] Florida Rule of Juvenile Procedure 8.135 is the juvenile equivalent of Florida Rule of Criminal Procedure 3.800.

4

L.W.'s second point of contention, however, does have merit. Subsection 985.437(2) of the Florida Statutes states:

> The court may order the child to make restitution in money, through a promissory note cosigned by the child's parent or guardian, or in kind for any damage or loss caused by the child's offense in a reasonable amount or manner to be determined by the court. When restitution is ordered by the court, **the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make**.

§ 985.437(2), Fla. Stat. (2014) (emphasis added). The cases discussing and interpreting section 985.437 universally require the trial court to make a factual finding that the child and/or his parent or guardian could reasonably be expected to pay the amount of the loss at the time the restitution is imposed, not merely when the court is subsequently required to enforce the order or determine whether the juvenile violated his probation.[2] E.g., S.S. v. State, 122 So. 3d 499, 502-03 (Fla. 4th DCA 2013); E.J. v. State, 1 So. 3d 251, 252 (Fla. 3d DCA 2008); I.M. v. State, 955 So. 2d 1163, 1165 (Fla. 1st DCA 2007); M.W.G. v. State, 945 So. 2d 597, 601 (Fla. 2d DCA 2006).

The State argues that this issue was not preserved for appeal and is not fundamental error. We agree that the trial court's failure to make factual findings

---

[2] Interestingly, this is precisely the opposite of the restitution process for adults, which requires the trial court to consider the defendant's ability to pay only at the time of enforcement of the restitution order, not at the time the restitution order is imposed. § 775.089(6)(b), Fla. Stat. (2014); Del Valle v. State, 80 So. 3d 999, 1006-07 (Fla. 2011).

would not have risen to the level of fundamental error had the issue not been preserved, see Pilon v. State, 20 So. 3d 992, 993 (Fla. 4th DCA 2009) (finding no fundamental error when the trial court made an evidentiary mistake in a restitution order), because before the trial court could make a finding that L.W. had violated his probation by failing to pay the restitution, it would have to find that L.W. and/or his parents or legal guardian had the ability to pay the amount of restitution ordered, Edwards v. State, 892 So. 2d 1192, 1194 (Fla. 5th DCA 2005). Additionally, if the $30 monthly payment ordered was an amount L.W. believed he did not have the ability to pay, he could have sought a modification of the probation order. Simply put, the trial court's error did not result in any prejudice to L.W. However, L.W. **did** preserve the issue for appeal by informing the trial court that it was required to make a factual finding on L.W.'s reasonable ability to pay the order and also by filing his motion for postconviction relief under Florida Rule of Juvenile Procedure 8.135(b)(2). S.S., 122 So. 3d at 502.

We are therefore compelled to reverse and remand that portion of the probation order for a determination by the trial court as to whether L.W. and/or his parents or legal guardian have the ability to pay the restitution ordered. Although the restitution ordered is de minimis and would be a presumptively reasonable amount, see R.D.S. v. State, 844 So. 2d 720, 720 (Fla. 2d DCA 2003) (affirming a $25 per month restitution order even though the juvenile was unemployed at the

time); J.M.H. v. State, 589 So. 2d 394, 396 (Fla. 2d DCA 1991) ("Most certainly, $25.00 per month conforms with [the requirement that the restitution ordered cannot exceed an amount the child could reasonably be expected to pay]."), the trial court's failure to make the requisite factual finding over L.W's objection and subsequent motion apprising the trial court of its mistake was reversible legal error.

Affirmed in part; reversed and remanded in part.