DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.W.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1524

[November 12, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case No. 502018CJ001731XXXXMB.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

B.W. timely appeals his adjudication of delinquency imposed after a bench trial. First, B.W. argues the circuit court erred when it ordered restitution without making required factual findings. Second, B.W. argues the court erred when it ordered payment for the cost of prosecution in excess of the amount agreed to by the State. We agree with both arguments and reverse.

We first address B.W.'s argument regarding the circuit court's restitution order. The juvenile restitution statute provides that the court may order the child to pay restitution "in a reasonable amount or manner to be determined by the court. When restitution is ordered by the court, the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make." § 985.437(2), Fla. Stat. (2019).

"Although a child need not have a present ability to pay restitution, the court must make a finding as to the juvenile's expected earning capacity

prior to setting an amount for restitution." *S.S. v. State*, 122 So. 3d 499, 503 (Fla. 4th DCA 2013) (citing *M.W.G. v. State*, 945 So. 2d 597, 601 (Fla. 2d DCA 2006); *A.J. v. State*, 677 So. 2d 935, 938 (Fla. 4th DCA 1996)).

Here, the circuit court ordered B.W. to pay restitution without hearing any evidence on B.W.'s employment prospects. Although a child need not presently be employed for a court to impose restitution, "there must be some testimony to support the finding that the juvenile can reasonably pay the ordered amount." *E.J. v. State*, 1 So. 3d 251, 252 (Fla. 3d DCA 2008) (citations omitted). We reverse the restitution order because the court did not make a finding that B.W. could reasonably be expected to pay the restitution amount. On remand, before ordering an amount of restitution, the court shall make findings about B.W.'s ability to pay. *See S.S.*, 122 So. 3d at 504; § 985.437(2), Fla. Stat.

Next, we address B.W.'s argument that the court's disposition order must be corrected to reflect the correct amount of the cost of prosecution. *See* §§ 985.032(2), 938.27(8), Fla. Stat. (2019). The State concedes error on this issue and agrees the disposition order should be corrected on remand. As a result, on remand, the court shall correct the disposition order to reflect the imposition of $100, instead of $200, in the cost of prosecution. *See, e.g., Guadagno v. State*, 291 So. 3d 962, 963 (Fla. 4th DCA 2020).

*Reversed and remanded.*

CIKLIN and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**