DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

A.L.W.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2710
_____

April 9, 2025

Appeal from the Circuit Court for Pinellas County; Kimberly Campbell, Judge.

Blair Allen, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.

James Uthemeier, Attorney General, Tallahassee, and William C. Shelhart, Assistant Attorney General, Tampa, for Appellee.

VILLANTI, Judge.

A.L.W. appeals the juvenile delinquency court's order of restitution. We have jurisdiction. Fla. R. App. P. 9.145(b)(2). Because the juvenile court did not make the requisite findings regarding A.L.W.'s ability to pay restitution prior to rendering the order, we reverse.

I.

A.L.W. was charged with grand theft of a motor vehicle. The State filed a petition alleging that A.L.W. was delinquent. He initially entered a plea of not guilty but changed his plea to guilty in exchange for a

sentence of twelve months of probation. The juvenile court imposed his probation term, along with other conditions and requirements, in its disposition order. The disposition order also imposed A.L.W. to restitution for damages to the vehicle he stole during commission of the theft.

At the restitution hearing, the owner of the vehicle testified about the costs required to repair the car and the decrease in its value due to significant damage. During closing argument, defense counsel stated, "I would make the argument that the State has not proven my client has an ability to pay [restitution]." The State responded that A.L.W.'s ability to pay "would be a proper consideration at such further time if he does not pay restitution as ordered." The juvenile court stated for the record it would "take note" of A.L.W.'s age from the delinquency petition, presumably as a finding supporting the State's argument that A.L.W. was old enough to obtain employment. Defense counsel reiterated its concern that no findings had been made regarding A.L.W.'s ability to pay but did not provide any legal support for the argument. The juvenile court then ordered A.L.W. to pay to the vehicle owner a total of $5,892.61 in restitution at a rate of $300 per month.

## II.

"Ordinarily, we review a restitution order for abuse of discretion." *E.H.W. v. State*, 321 So. 3d 364, 367 (Fla. 2d DCA 2021) (citing *Bellot v. State*, 964 So. 2d 857, 859 (Fla. 2d DCA 2007)). The amount of restitution ordered must be supported by substantial competent evidence. *Bellot*, 964 So. 2d at 859; *see also Leatherwood v. State*, 108 So. 3d 1154, 1155 (Fla. 5th DCA 2013). Juvenile restitution is governed by section 985.437, Florida Statutes (2023), while criminal restitution is governed by section 775.089, Florida Statutes (2023). *Compare*

2

§ 985.437(1) ("The court that has jurisdiction over an adjudicated delinquent child may, by an order stating the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing, order the child to make restitution in the manner provided in this section."), *with* § 775.089(1)(a) ("In addition to any punishment, the court shall order the defendant to make restitution. . . for: 1. Damage or loss caused directly or indirectly by the defendant's offense; and 2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution.").

"In a criminal case, ability to pay is considered in enforcement proceedings after the court orders restitution, but in a juvenile case, the court must determine before ordering restitution what the delinquent child or his or her parent(s) or guardian(s) can be reasonably expected to both pay and make." *M.P. v. State*, 256 So. 3d 231, 236 (Fla. 2d DCA 2018) (citations omitted); *see also* § 985.437(2)(c) ("When restitution is ordered by the court, the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make."). This variance between the two restitution statutes likely explains the State's argument during the restitution hearing that A.L.W. and A.L.W.'s parents' or guardians' ability to pay would be relevant only at the time of enforcement of the restitution order. At one time, section 775.089 did require consideration of the defendant's ability to pay, as well as the amount of the victim's damages, prior to the imposition of restitution, but due to the statute's amendment in 1995, the trial court now must only consider the defendant's resources in enforcing the restitution order. *See* ch. 95–160, § 1, at 1623, Laws of

Fla.; *see also J.A.B. v. State*, 993 So. 2d 1150, 1152 (Fla. 2d DCA 2008) (en banc).

"[I]t is reversible error for a trial court to order restitution to be paid by a child without making findings concerning the child's ability to earn and ability to pay." *K.T.M. v State*, 969 So. 2d 542, 543 (Fla. 2d DCA 2007). A juvenile court may order restitution even if the child does not have an immediate ability to pay, but in that case, the juvenile court must make findings on the record about the juvenile's expected earning capacity. *Id.*; *see also J.A.B.*, 993 So. 2d at 1152 ("It is well established that a court can order a delinquent child to pay restitution without a showing of present ability to pay."); *B.W. v. State*, 307 So. 3d 31, 32 (Fla. 4th DCA 2020) ("Although a child need not have a present ability to pay restitution, the court must make a finding as to the juvenile's expected earning capacity prior to setting an amount for restitution." (quoting *S.S. v. State*, 122 So. 3d 499, 503 (Fla. 4th DCA 2013))).

### III.

The record reflects that the State asked A.L.W. if he was employed, to which A.L.W. responded that he was not. But the inquiry ended there, and it took place after the juvenile court orally pronounced its ruling on the restitution amount and repayment schedule anyway. Because the juvenile court made no findings of fact regarding A.L.W.'s ability to pay restitution before making its ruling, we must reverse the restitution order and remand for a new hearing.

Reversed and remanded.

KELLY and KHOUZAM, JJ., Concur.

4

_____

Opinion subject to revision prior to official publication.