664 So.2d 1099 (1995)
Jason MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-360.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
*1100 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara Arlene Fink, Assistant Attorney General, Daytona Beach, for Appellee.

UPON MOTION FOR REHEARING
PETERSON, Chief Judge.
We grant the appellant's motion for rehearing and substitute the following opinion.
Jason Mitchell appeals that portion of an order of restitution that requires him to pay the victim $419.90, an amount based upon the rate of pay of the victim's wife. The victim testified at the restitution hearing that the wife had to take time off from her job in order to attend to him and their child while he recuperated from injuries received during the robbery perpetrated by Mitchell. We affirm.
At the inception of the restitution hearing, defense counsel objected to both an order of restitution and the amount requested. The court determined that restitution was appropriate and allowed the parties to present evidence. No mention of the types of expenses incurred by the victim had been mentioned prior to the time evidence was taken, and no objections were made to the testimony relating to the wife's loss of pay while she was nursing her husband back to health from injuries received during the criminal event. The appellant cross-examined the victim, but presented no evidence in his behalf.
We considered the absence of contemporaneous objections during restitution hearings in Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992), and ruled that in order to preserve the right to appeal the inclusion of an item of restitution, a contemporaneous objection must be made. See also Holmes v. State, 658 So.2d 1185 (Fla. 4th DCA 1995).
We acknowledge the opinion in L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), rev. denied, 624 So.2d 268 (Fla. 1993), in which the first district indicated that a contemporaneous objection to an order of restitution was not required in order to raise the issue on appeal. The majority in L.A.D. ignored the conflict that the decision created with Bayer, a matter raised in Judge Barfield's dissent. One of the cases relied upon by L.A.D. was State v. Rhoden, 448 So.2d 1013 (Fla. 1984), in which the supreme court set forth part of the rationale for not requiring contemporaneous objections to sentencing errors:
[I]t is difficult, if not impossible, for counsel to contemporaneously object to the absence of a written order at the sentencing hearing, "since counsel at that stage does not know for sure what the written sentence may be and a written order pursuant to section 39.11 may indeed be subsequently filed."
Id. at 1016 (citations omitted).
That reasoning would not apply in the instant case. Mitchell was represented by counsel at the restitution hearing, and the victim testified and was cross-examined by defense counsel. The court's decision was announced at the hearing. Due process was fully afforded to Mitchell and he should not have the privilege of complaining for the first time on appeal. The restitution ordered is in the nature of a civil judgment,[1] and, had the amount been determined in a civil trial without objection, a civil litigant would have no remedy on appeal. There is no reason to give a criminal defendant more rights regarding restitution than a civil litigant.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] See § 775.089(5), Fla. Stat. (1993).