734 So.2d 464 (1999)
Jason Carol NOLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2846.
District Court of Appeal of Florida, Fifth District.
May 7, 1999.
*465 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
This is an appeal from a restitution order. The defendant Noland was charged in a two count information with dealing in stolen property and grand theft (third degree). The grand theft count alleged that the defendant:
[O]n or about the 28th day of April, 1998, within St. Johns County, Florida, did then and there knowingly and unlawfully obtain or use or did endeavor to obtain or use the property of another, to wit: a V.C.R. and/or video tapes, valued at more than three hundred dollars ($300.00), but less than five thousand dollars ($5,000.00), with the intent to either temporarily or permanently deprive [victim] of his rights to said property or a benefit therefrom, or with the intent to either temporarily or permanently appropriate said property to his own use or the use of a person not entitled thereto.
The defendant pled nolo contendere to the grand theft count. Adjudication of guilt was withheld and he was placed on three years probation.
A restitution hearing was thereafter held. The victim testified that the defendant had taken from his home a VCR, VCR tapes, a grill and a small refrigerator. The victim valued the grill at $300, the refrigerator at $125 and the tapes at between $700 and $800. The VCR was recovered undamaged. The victim testified on cross examination that he and his wife did not realize the grill was missing until after the police had left. The victim's wife included the refrigerator on the list of missing items that she prepared. She did not testify. The victim testified that he *466 noticed the refrigerator missing on the same day the other items had been taken. Defense counsel objected on hearsay grounds to the list being placed into evidence. Defense counsel also argued that insufficient proof was presented that the refrigerator was taken on the date of the theft by the defendant.
The court ruled sufficient evidence existed of a $300 grill, $125 refrigerator and $700 in tapes. The court awarded $1,125 in restitution. The defendant appeals arguing that it was error to award restitution for missing items not encompassed within the charging document and that there was insufficient evidence that he was responsible for the disappearance of the refrigerator and grill.
As to the second point, we find that there was evidence that the refrigerator and grill were discovered missing in connection with the theft which occurred on April 28, 1998. As to the first point, the state points out that the contemporaneous objection rule applies to a restitution proceeding. See Mitchell v. State, 664 So.2d 1099 (Fla. 5th DCA 1995). Accord J.S. v. State, 717 So.2d 175 (Fla. 4th DCA 1998). In order to preserve the right to appeal the inclusion of an item of restitution, a contemporaneous objection must ordinarily be made. Mitchell. The state asserts that having failed to argue below that the grill and refrigerator were not encompassed within the charge against him, the defendant cannot raise the point for the first time on appeal.
The purported error in Mitchell concerned testimony from the victim's wife as to her loss of pay while she took time off her job to nurse her husband back to health. In the instant case, however, the error relates to recovery of restitution for items not within the ambit of the information charging grand theft. Restitution cannot be ordered for a theft not encompassed within the charge contained in the information. Stewart v. State, 629 So.2d 982 (Fla. 5th DCA 1993) (employee who stole property from her employer could not be required to pay restitution in connection with thefts which occurred outside 11 day period which was charged in information to which employee plead guilty; restitution for conduct outside 11 day period was not significantly related to crime to which employee was convicted). The error here is fundamental in nature in that the defendant was ordered to pay restitution for items entirely outside the scope of the criminal prosecution. See Rodriguez v. State, 691 So.2d 568 (Fla. 2d DCA 1997) (fundamental error to order restitution to sheriff's department as it does not meet statutory definition of "victim").
In State v. Williams, 520 So.2d 276 (Fla. 1988), the supreme court stated that to order restitution under the statute, the court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense.[1]See also Glaubius v. State, 688 So.2d 913 (Fla.1997). The defendant here was charged with and pled nolo to grand theft of a VCR and VCR tapes. The grill and refrigerator do not relate to the offense charged.
The restitution order is reversed with instructions that a corrected order be entered without inclusion of the values for the grill and refrigerator.
REVERSED AND REMANDED
GOSHORN, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, J., concurring specially.
Given that appellant received such a lenient sentence for his felonies and then *467 cries about having to compensate his victims fully, I suggest it would be justice for the state to charge him with burglary and the theft of the refrigerator and the grill and for the judge to give him a sentence which is appropriate for one who commits a burglary at night in an occupied dwelling. The penalty there is fifteen years imprisonment and ten thousand dollars fine. That would be appropriate because that is what the state says is the evidence in the case.
NOTES
[1] Section 775.089(1)(a), Florida Statutes, provides in relevant part:

In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode[.]