838 So.2d 1247 (2003)
Michael AVERY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2165.
District Court of Appeal of Florida, Second District.
March 12, 2003.
James Marion Moorman, Public Defender, Bartow, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Michele Taylor, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Michael Avery challenges the trial court's final order of restitution requiring him to pay $1824.06 to Gold Coast Eagle Distributors. We reverse and remand for further proceedings.
Avery pleaded guilty to grand theft and was sentenced to two years' probation and ordered to pay restitution, the amount to be determined. Avery did not attend the April 24, 2002, restitution hearing, but the State presented evidence that the charges arose when Avery, an employee of Gold Coast, accepted cash payments from customers without turning the money over to Gold Coast. Originally, he took $758.30, but the parties agree that he repaid that money. Jeff Lukowsky, the Gold Coast employee investigating the thefts, testified that his investigation led him to suspect that Avery also took $1311.06, that Avery had admitted to taking that amount, and that Avery had repaid $50 toward that amount. Lukowsky further testified to the costs of his investigation. The trial court ordered restitution in the amount of $1824.06, which consisted of the $1311.06 less the $50 repaid, plus $563 in investigative fees.
On appeal, Avery argues that the additional $1311.06 was not part of the original charge against him, that Lukowsky's investigative costs were not substantiated or reasonable, and that he did not voluntarily waive his presence at the restitution hearing.
As to the restitution being ordered in Avery's absence, we affirm without comment the trial court's ruling that Avery voluntarily absented himself from the proceeding. We conclude, however, that the trial court erred in setting the amount of restitution.
The information charged that Avery
did knowingly and unlawfully obtain or use, or endeavor to obtain or use, certain property of another, to-wit [sic]: U.S. CURRENCY, the property of GOLD COAST EAGLE DISTRIBUTORS, the value of said property being three hundred ($300.00) dollars or more, but less than five thousand ($5,000.00) dollars, and in so doing intended to either permanently *1248 or temporarily deprive the said GOLD COAST EAGLE DISTRIBUTORS of a right to the property....
Although Lukowsky testified that he informed the investigating officer of the second theft of $1311.06, the arrest warrant only referenced the original $758 that Avery already had repaid. Additionally, the factual basis recited at Avery's plea hearing referred only to the $758 theft. As such, the second theft is a separate offense for which Avery has not been charged and which cannot affect the calculation of restitution here. We therefore reverse the restitution order and remand for determination of what portion of the investigative costs pertained to the original $758 theft.
Reversed and remanded.
NORTHCUTT, J., and GREEN, OLIVER L., Senior Judge, Concur.