PLEUS, J.
The defendant appeals from a restitution order entered pursuant to her convictions for dealing in stolen property and grand theft. Her sole assignment of error relates to the amount of restitution ordered, $2,692.00.
The defendant was charged by information with dealing in stolen property and grand theft. The grand theft count references the property involved as a “Whirlpool washer, GE dryer, Noritake china set, and other miscellaneous items of the value of three hundred dollars ($300.00) or more, but less than twenty thousand dollars ($20,000.00).” The affidavit of probable cause states that the stolen property:
Is described as a Whirlpool Washer, GE Dryer, Noritake China Set, Antique Cups, knife set, frying pan and a C/D Cassette Tape Radio. The total estimated value of the stolen property is $1,820.00.
The defendant agreed to plead guilty to the charges in exchange for a withholding of adjudication, two years probation and restitution, if any, and costs and fines. A judgment was entered in accordance with the plea agreement.
A hearing was held on the State’s request for restitution. At the outset of this hearing, the prosecutor announced the State was seeking restitution not only for the washer and dryer and “some dishes” but also for costs incurred by the victim to reconnect electric and water service to her property. The defense objected, arguing inter alia, that the utility costs were not included within the ambit of the prosecution.
During the hearing, the victim and the defendant each testified. According to the victim, she leased certain residential premises to the defendant but after six months was forced to evict her for non-payment. The defendant had allowed her boyfriend to move in but he was not on the lease.
The washer and dryer were missing after the defendant and her boyfriend were evicted. The defendant claimed her boyfriend took them though she acknowledged having pled guilty to the theft of those items. As to the utilities, the victim testified that utility service meters had been *275 bypassed during the defendant’s occupancy, that the defendant never had the water or electric placed in her name as she was supposed to do. The defendant denied that she bypassed the utilities and claimed her boyfriend did it.
The trial court ordered restitution of $2,692.00 which included the $1,265.96 to get the electric turned on and $1,141.70 to get water service restored.
The defendant claims it was legal error to include these utility charges because they were not encompassed within the offense charged. The State counters that a trial court enjoys discretion in assessing restitution and that the information, by referencing “miscellaneous items,” was broad enough to encompass the utility charges incurred by the victim.
The restitution statute, section 775.089(l)(a), Florida Statutes (2003) provides in pertinent part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant’s criminal episode.
Before ordering restitution, the trial court “must find that loss or damage is causally connected to the offense and bears a significant relationship to the offense.” Glaubius v. State, 688 So.2d 913, 915 (Fla.1997). In Bernard, v. State, 859 So.2d 560 (Fla. 5th DCA 2003), this court explained that the causation and significant relationship tests work in tandem and not independently of each other.
In Bernard, this court considered whether the defendant could be liable for restitution relating to the taking and selling of nineteen television cable boxes where he was only charged in connection with one cable box. In holding that the defendant could not be required to pay restitution for the cable boxes not charged in the information, this court cited the following decisional law:
See Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991) (holding that defendant charged with dealing in stolen property consisting of one rifle could not be ordered to pay restitution for second, unrecovered rifle; loss of second rifle was not caused by charged offense); Noland [v. State], 734 So.2d 464, 466 [ (Fla. 5th DCA 1999) ] (stating that restitution cannot be ordered for a theft not encompassed within the charge contained in the information or for items outside the scope of the criminal prosecution).
859 So.2d at 562.
The State, while recognizing that this court has held that restitution cannot be ordered for a theft not encompassed within the crime charged, argues that use of the catch-all “miscellaneous items” in the information was sufficient to encompass the theft of electrical and water service occasioned by bypassing the meters. This argument, however, is refuted by the prosecutor’s position during the restitution hearing. The prosecutor admitted that the defendant “was charged with grand theft and this was not listed.” The prosecutor then asserted that since “its still within the statute of limitations, we can recharge her with another count of grand theft” regarding the bypassed meters. The prosecutor then stated:
We are essentially asking that those damages be consented to or we will pursue another grand theft charge, perhaps.
Later, the prosecutor continued:
We’re simply asking for all of the restitution that is due, we want to try to avoid filing another grand theft charge, *276 if we can, but I guess it’s in the Defendant’s hands at this time.
It was only later during the hearing that the prosecutor switched gears and argued that the bypassed electric and water services could be viewed as other “miscellaneous items” that were stolen.
The prosecutor had it right initially. The theft of electric and water service was not encompassed within the charging document. When the defendant entered her plea, she did not plead guilty to theft of such services. Indeed, at the restitution hearing, the defendant denied bypassing the meters and claimed her boyfriend did it. The theft of the utility services was not encompassed within the charges to which the defendant pled.
Restitution was erroneously ordered as to the utility services under this court’s decisions in Bernard and Noland. Accordingly, we reverse and remand for entry of a corrected restitution order.
REVERSED AND REMANDED.
ORFINGER and TORPY, JJ., concur.