975 So.2d 538 (2008)
John Michael MALARKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5240.
District Court of Appeal of Florida, Second District.
February 1, 2008.
*539 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
John Malarkey appeals from the order of restitution entered against him after he pleaded no contest to a charge of grand theft. Because the trial court improperly awarded restitution for items not related to the theft with which Malarkey was charged, we reverse and remand for a new restitution hearing. This resolution renders Malarkey's other issues moot.
Malarkey was employed by Premier Electric of Naples as a supervisor dealing with low voltage products. After Premier discovered certain inventory missing, it fired Malarkey. Subsequently, on October 5, 2005, an arrest warrant was issued for Malarkey arising out of the alleged theft of property from Premier. The affidavit supporting the warrant listed the specific property that Malarkey was accused of taking and detailed the efforts to recover the missing property. The warrant for Malarkey's arrest was based on the following list of property:

 Item Disposition
 Rotel surround sound receiver returned to Premier
 3 50" HDTVs one returned to Premier
 one sold by Malarkey for $2600
 one unaccounted for
 wireless control panel returned
 Monster power converter returned
 2 remote controls returned
 Harris phone tester returned
 miscellaneous electronic cables returned
 2 speakers returned
 DVD player returned
 Audiosource 2-channel amplifier returned
 Video Quest DVR returned
 Sony CD/DVD player returned
 surround sound speakers returned

Malarkey was subsequently arrested on the warrant. On November 3, 2005, the State filed its information charging Malarkey with grand theft based on the information in the warrant affidavit.
*540 After initially entering a plea of not guilty to the grand theft charge, Malarkey subsequently entered into a negotiated plea agreement with the State. In that agreement, Malarkey agreed to plead no contest to the charge in exchange for an agreed sentence of probation and a withhold of adjudication. Malarkey also agreed to pay restitution in an amount to be determined by the court if he and the State could not agree on an amount. The State referred the court to the "discovery materials" as its support for the factual basis for the plea. After a thorough plea colloquy, the trial court accepted Malarkey's plea and sentenced him in accordance with the plea agreement. The trial court also reserved jurisdiction to consider the issue of restitution.
When Malarkey and the State could not agree on the amount of restitution, the trial court scheduled a hearing on the matter. At the start of that hearing, the State brought forth what it termed "State's Composite Exhibit 1," which the State represented to be additional discovery materials. Malarkey objected to the use of these materials at the hearing, noting that these materials had been produced to the defense only five days before the restitution hearing and that "the State [was] seeking restitution for something that was not included in the original discovery information." The trial court overruled Malarkey's objection. Subsequently, when the State attempted to use the new materials, Malarkey renewed his objection, arguing that the new information contained in these discovery materials "was not a part of the original case." The trial court again overruled the objection.
The State then presented evidence that established that after Malarkey left Premier's employ, Premier was unable to locate a car audio receiver, a Hitachi DVD camcorder, some cabling, and a speaker. The evidence also showed that Premier had learned that Malarkey did a "side job" for one of Premier's customers and had not turned over the payment to Premier. Finally, the State established that Malarkey had ordered a 61" HDTV for a Premier customer, that the customer had canceled the order, and that Malarkey had sold the TV for cash to another employee. Malarkey allegedly kept the cash from this transaction.
At the conclusion of the hearing, the trial court entered a restitution order in the amount of $9001.76. This amount was based solely on the evidence contained in the new discovery materials presented by the State at the restitution hearing. Malarkey now appeals the restitution order, arguing that the trial court erred by awarding restitution for items that were not related to the theft charged in the information. We agree.
Section 775.089(1)(a), Florida Statutes (2005), provides that the court may order a defendant to make restitution to a victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode.
The supreme court has held that before the trial court may award restitution under this statute, it must find that the loss or damage is causally connected to the offense and bears a significant relationship to it. Glaubius v. State, 688 So.2d 913, 915 (Fla.1997); State v. Williams, 520 So.2d 276, 277 (Fla.1988). To be causally connected to an offense, the restitution awarded must arise out of the offense with which the defendant is actually charged. See, e.g., Bernard v. State, 859 So.2d 560, 562 (Fla. 5th DCA 2003). Further, when a defendant agrees to pay restitution as part *541 of a plea agreement, the defendant's agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea set forth by the State when the plea is entered. See, e.g., Avery v. State, 838 So.2d 1247 (Fla. 2d DCA 2003); Noland v. State, 734 So.2d 464, 466 (Fla. 5th DCA 1999); Stewart v. State, 629 So.2d 982, 983 (Fla. 5th DCA 1993).
For example, in Avery, Avery was charged with grand theft arising out of the theft of cash payments made to Avery by his employer's customers. 838 So.2d at 1247. While the information charged only that Avery had stolen cash, the arrest warrant indicated that he had stolen $758 in cash. Id. at 1248. Avery pleaded guilty to the charge, and the factual basis for the plea made at the change of plea hearing was that Avery had stolen $758. Id. Avery agreed to pay restitution as part of his plea.
At the restitution hearing, Avery's employer testified that Avery had previously paid back the $758. Id. at 1247. However, Avery's employer had subsequently discovered that an additional $1311.06 was missing. Id. The employer confronted Avery, who admitted to taking the additional money. Avery reimbursed his employer $50 of this amount, but nothing more. Avery's employer also testified to expending $563 in investigative costs. At the conclusion of the restitution hearing, the trial court awarded $1824.06, which was the $1311.06 less $50 testified to at the restitution hearing, plus the $563 in investigative costs. Id.
On appeal, Avery contended that the additional $1311.06 should not have been included in the restitution order because it was not part of the original charge against him. This court agreed, noting that when Avery entered his plea and agreed to restitution, the charge against him was the theft of $728. Id. at 1248. The additional $1311.06 was "a separate offense for which Avery has not been charged and which cannot affect the calculation of restitution here." Id. Thus, this court reversed and remanded for a new restitution hearing.
Similarly, in Noland, Noland was charged with grand theft and dealing in stolen property. 734 So.2d at 465. The information charging the theft alleged that Noland had stolen a VCR and/or video tapes. Noland pleaded no contest and agreed to pay restitution. At a subsequent restitution hearing, the victim testified that a grill, a refrigerator, the VCR, and the video tapes were all stolen at the same time. He testified that he did not notice that the grill and the refrigerator were missing until after the police left. Id. at 465-66. The trial court's restitution order included amounts for the grill and the refrigerator. Id. at 466.
On appeal, the Fifth District held that because the theft of the grill and the refrigerator was not discovered and/or reported to the State before the information was filed, those items were not encompassed by the charge contained in the information. Id. Thus, because restitution could not be ordered for items not within the scope of the original criminal prosecution, the court reversed the restitution award and remanded for a new hearing.
This case is factually quite similar to Avery and Noland. In this case, the information filed by the State alleged that Malarkey stole "money or property" from Premier Electric. It did not include a listing of any specific items. However, the arrest warrant listed the specific property Malarkey was accused of taking. Neither the arrest warrant nor the State's original discovery materials referenced the car audio receiver, the Hitachi DVD camcorder, *542 the cabling, the speaker, and the side job for which the State subsequently sought restitution. Because these items were neither discovered by Premier nor reported to the State before the information was filed, those items were not encompassed within the original charge against Malarkey, and the theft of those items constitutes a separate offense with which Malarkey has not been charged. As such, any restitution ordered for these items is not causally connected to the offense with which Malarkey was charged. Further, because these items were not encompassed by the State's original charge against Malarkey, he did not agree by virtue of his plea to pay restitution for these items. Accordingly, these items should not have factored into the calculation of restitution in this case.
Because the trial court's order awards restitution for property not included in the charge against Malarkey, we reverse the order and remand for further proceedings. On remand, the State may seek an order of restitution for only that property encompassed within the original charge against Malarkey as reflected by the affidavit supporting the arrest warrant and the discovery materials referenced by the State at the change of plea hearing.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., Concur.