CASANUEVA, Judge.
 

 Joseph Siminski appeals the award of restitution imposed upon him. We reverse and remand for another restitution hearing.
 

 Facts
 

 A kind-hearted benefactor aided Mr. Si-minski, who was living in his truck parked in a cemetery, by offering a room in his home until Mr. Siminski’s financial condition improved. Mr. Siminski repaid his benefactor by stealing from him a DVD player and several DVDs, a gas chain saw, and a bench grinder. Based on this, he was charged and pleaded nolo contendere to three counts of dealing in stolen property and one count of grand theft. At the plea hearing, the factual basis for the plea mentioned these stolen items and Mr. Si-minski agreed to pay restitution for them. The prosecutor estimated the restitution amount would not exceed $200. At the restitution hearing, several more items were claimed to be missing and ascribed to Mr. Siminski’s theft. Defense counsel objected to Mr. Siminski paying for more than the items originally claimed in both the information and as part of the factual basis for the plea. The trial court overruled the objection and ordered restitution of $835. Except for $70 which he admits he owes, Mr. Siminski challenges the order of restitution.
 

 Analysis
 

 This case is controlled by our recent decision in
 
 Malarkey v. State,
 
 975 So.2d 538 (Fla. 2d DCA 2008), which issued after Mr. Siminski’s restitution hearing.
 
 See also Avery v. State,
 
 838 So.2d 1247 (Fla. 2d DCA 2003);
 
 Noland v. State,
 
 734 So.2d 464 (Fla. 5th DCA 1999);
 
 Stewart v. State,
 
 629 So.2d 982 (Fla. 5th DCA 1993). The proceedings in
 
 Malarkey
 
 followed the same course as Mr. Siminski’s: the information identified certain stolen items; he pleaded to the charges and at the plea hearing agreed to pay for these items; but when it came time to set the restitution amounts, the State sought to include additional items. We reversed the order of restitution in
 
 Malarkey,
 
 saying,
 

 when a defendant agrees to pay restitution as part of a plea agreement, the defendant’s agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea set forth by the State when the plea is entered.
 

 975 So.2d at 540-41. In
 
 Malarkey,
 
 we reversed and remanded, allowing the State
 
 *1163
 
 to seek a restitution order “for only that property encompassed within the original charge against Malarkey as reflected by the affidavit supporting the arrest warrant and the discovery materials referenced by the State at the change of plea hearing.”
 
 Id.
 
 at 542.
 

 The State’s argument based upon
 
 Hebert v. State,
 
 614 So.2d 493 (Fla.1993), and
 
 Dent v. State,
 
 432 So.2d 163 (Fla. 4th DCA 1983), in support of the restitution order is unpersuasive because both cases are factually distinguishable.
 

 Conclusion
 

 The record in Mr. Siminski’s case is unclear whether the discovery materials available to the defense at the time of the plea hearing included more items than those that were listed in the information and which the State anticipated as being compensable as restitution. Therefore, we reverse the order of restitution and remand for further proceedings in conformity with the rule as set forth in
 
 Malarkey.
 

 Reversed and remanded.
 

 ALTENBERND and LaROSE, JJ., Concur.