19 So.3d 351 (2009)
D.W.E., a minor child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-891.
District Court of Appeal of Florida, Second District.
April 29, 2009.
James Marion Moorman, Public Defender, and Robert Augustus Harper, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
D.W.E. appeals his adjudication as a delinquent and his disposition, challenging only the restitution order. The trial court awarded restitution in the amount of $1990 to the victim of D.W.E.'s burglary. This award was based, in part, on the victim's testimony about damage to a window, in which the victim stated: "Well, we had it just bolted shut and the gentleman estimated $220 for it." This testimony was admitted over a proper objection that the gentleman's estimate was hearsay. Without this testimony, there was no evidence to support this element of the award of restitution.
Accordingly, we reverse the restitution award and remand for a new restitution hearing. In light of additional issues raised before the trial court at this restitution hearing in early 2008, we suggest that the trial court consider the following recent decisions at the next restitution hearing. See Malarkey v. State, 975 So.2d 538 (Fla. 2d DCA 2008) (holding that restitution cannot be based on items not referred to in information, arrest warrant, or state's original discovery materials); J.A.B. v. State, 993 So.2d 1150 (Fla. 2d DCA 2008) (explaining that when ordering restitution from an unemployed juvenile, court must determine what the child may reasonably be expected to earn upon finding suitable employment and must base the restitution amount on those expected earnings).
Affirmed in part, reversed in part, and remanded.
SILBERMAN and CRENSHAW, JJ., concur.