PER CURIAM.
Tre Michael Nelson was charged by information with dealing in stolen property (specifically, jewelry), and entered a negotiated no contest plea, agreeing to pay restitution in an amount to be determined. At the subsequent restitution hearing, the State sought restitution attributable to the jewelry that Nelson pawned, plus additional jewelry stolen from the victim’s home during a burglary that preceded the crime with which Nelson was charged. The trial court ordered restitution for both amounts (a total of $20,000), and Nelson now challenges the restitution order. We reverse.
“[W]hen a defendant agrees to pay restitution as part of a plea agreement, the defendant’s agreement is .limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea set forth by the State when the plea is entered.” Malarkey v. State, 975 So.2d 538, 540-41 (Fla. 2d DCA 2008) (citations omitted). Here, Nelson was only charged with dealing in stolen property, and the State’s presentation at the plea hearing was insufficient to link Nelson to the burglary or to place Nelson on notice that it intended to seek restitution from him based upon the burglary. Under these circumstances, the trial court erred in ordering restitution for more than the loss to the victim attributable to the charged crime. Id.[1]
Accordingly, we reverse and remand for a new restitution hearing.
REVERSED AND REMANDED.
TORPY, LAWSON and JACOBUS, JJ., concur.

. From our review of the record, it appears that the State established restitution linked to the charged crime as follows: $385 paid to the pawn shop to secure return of the sold items that were recovered; $600 for a gold ring setting that was melted down and not recoverable; $4,300 for the diamond removed from the gold ring setting prior to its sale to the pawn shop; and, an unknown amount for other gold jewelry melted down and not recoverable.