PALMER, J.
Daniel Scott Medlin appeals the trial court’s restitution order, arguing that the trial court erred in calculating the amount of restitution he was ordered to pay. Because the restitution amount includes the value of items not covered by the charged offenses, we reverse the restitution order and remand for a new restitution hearing.
Appellate courts review restitution orders for an abuse of discretion. Kiefer v. State, 909 So.2d 572, 573 (Fla. 5th DCA 2005).
The State filed an information charging Medlin with one count of -dealing .in .stolen property, in violation of section 812.019(1), Florida Statutes (2013), and one count of false verification of ownership to a secondary metals recycler, in violation of section 538.23(3)(a), Florida Statutes (2013). Count I alleged that Medlin “did unlawfully traffic in or.endeavor to traffic in property that he knew or should have known was stolen, to-wit: various metal items....”' Count II alleged that Medlin “did knowingly give false verification of ownership ... to a secondary metals recy-eler ... and received U.S. currency, of the value of less than three hundred dollars, in return for regulated metals property.... ”
Medlin entered a plea of nolo contendere to both counts in exchange for the State’s recommendation that his adjudication be withheld and that he would be sentenced to a term of three years of probation. At the plea hearing, the trial court recited the allegations against Medlin:
The essential facts would tell me that if completely left unrebutted between August the 7th and September the 9th, of 2013, in Citrus County, you did unlawfully traffic in property you knew or should have known was stolen, this being various metal items, and that you falsified ownership to Torres Metal Recycling and receiving United States currency, less than $300.
The State informed the trial court that it would seek a restitution amount of “approximately $4600.”
At the subsequent restitution hearing, the State introduced into evidence handwritten pages comprising a list of items missing from the victim’s property and each item's alleged value. The list included several items which were not covered by the charges, including Cabbage Patch dolls, Barbie dolls, and lumber. In addition, the testimony submitted during the hearing focused on items missing from the *1103 victim’s - property, rather .than on. items related to Medlin’s convictions. After listening to the parties’ arguments, the trial court ordered restitution in the amount of $20,019.
Medlin challenges this, ruling, (intending that the trial court abused its discretion by ordering restitution for . items unrelated to his convictions; We agree.[1]
In Siminski v. State, 1 So.3d 1161, 1162-63 (Fla. 2d DCA 2009), the Second District reversed a trial court’s restitution order, writing:
[WJheri a defendant agrees to pay restitution as part of a-plea agreement, the defendant’s agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea set forth by the State when the plea is entered.
The Siminski court further quoted its earlier decision in Malarkey v. State, 975 So.2d 538, 540-41 (Fla. 2d DCA 2008), stating:
In Malarkey, we reversed and remanded, allowing the State to seek a restitution order “for only that property encompassed within the original charge against Malarkey as reflected by the affidavit supporting the arrest warrant and the discovery "materials referenced by the State at the change of plea hearing.”
Id. at 1162-63 (internal citations omitted):
Here, the information referenced “various metal items” and the trial court’s recitation of the allegations against Medlin at the plea hearing also only referenced “various metal items.” Just as’the Second District explained in Malarkey and Simin-ski, the trial court’s restitution order should not have included more items than those the State anticipated as being com-pensable as restitution .at the time of the plea hearing. Thus, since the trial court’s restitution order includes repayment for items not related to Medlin’s convictions, we reverse the order. On remand, the trial court must conduct a new restitution hearing to establish the fair market value of the items related to Medlin’s convictions. See Ibrahim v. State, 866 So.2d 749 (Fla. 5th DCA 2004) (“Fair market value can be determined through consideration of: (1) original market cost; (2) the manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation.”).
REVERSED AND REMANDED.
LAWSON, C.J. and WALLIS, J., concur.

. Although this argument was not presented below, "[r]estitution- cannot be ordered for a theft not encompassed within the charge contained in the information," and to do so constitutes fundamental error. Noland v. State, 734 So.2d 464, 466 (Fla. 5th DCA 1999).