IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

D.J.M., A CHILD,

      Appellant,

 v.                                  Case No. 5D15-4496

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 5, 2016

Appeal from the Circuit Court
for Orange County,
Gail A. Adams, Judge.

Katherine Puzone, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.


LAMBERT, J.

      D.J.M., a juvenile ("Appellant"), appeals a restitution order entered following a plea. Appellant was charged with (1) grand theft of a motor vehicle, (2) burglary of a conveyance, and (3) grand theft of money, a cellphone, and a wallet and its contents, having a combined value of $300 or more. Because the restitution order included an award for items not specifically listed in the grand theft counts and also provided for

restitution for a claim that was not causally connected or otherwise had a significant relationship to the offenses for which Appellant tendered a plea, we reverse and remand with directions for the entry of a corrected restitution order.

Appellant and the State entered into a plea agreement in which Appellant agreed to plead no contest to the two grand theft charges, with the State agreeing to dismiss the count of burglary of a conveyance. As part of the plea, Appellant agreed to pay restitution, with the court reserving jurisdiction to determine the specific amount of restitution. Following a restitution hearing, the court ordered Appellant to pay $680 for the cash taken from the victim's wallet, $400 for the theft of the cellphone, and $21 that represented a fee incurred by the victim to replace the keys to the stolen motor vehicle. We affirm these awards and, in doing so, specifically reject Appellant's argument that there was not sufficient evidence presented of the value of the cellphone to support the award.[1]

The trial court also ordered Appellant to pay restitution in the amount of $200 for a computer tablet and $197 for school textbooks that the victim testified at the restitution hearing were also taken from his stolen vehicle. This was error. "[W]hen a defendant agrees to pay restitution as part of a plea agreement, the defendant's agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or by the factual basis for the plea." *S.S. v. State*, 122 So. 3d 499, 502 (Fla. 4th DCA 2013) (quoting *Malarkey v. State*, 975 So. 2d 538, 540–41 (Fla. 2d DCA 2008)). Here, the arrest affidavit, petition for delinquency, and the factual basis tendered to support the

---

[1] Additionally, no restitution was awarded for the stolen vehicle described in count one of the petition for delinquency because it was returned to the victim. Lastly, although the wallet described in count three was never returned, no evidence was presented at the restitution hearing as to its value, resulting in no restitution for the wallet being ordered, which has not been challenged in this appeal.

2

plea never mentioned the tablet or school textbooks, nor was the delinquency petition ever amended.

Lastly, in the order of restitution, the court required Appellant to reimburse the victim $1111 for his loss of college financial aid. Essentially, the victim testified at the hearing that as a result of the theft, he failed two of the community college classes in which he was enrolled and for which he had received financial aid to pay for his tuition and was now basically obligated to reimburse this expense. To order restitution, "the court must find that the loss or damage is causally connected to the defendant's offense", and additionally, "[f]or restitution to be deemed reasonable, it must bear a significant relationship to the offense of which the defendant is convicted . . . ." *Schneider v. State*, 972 So. 2d 1079, 1080 (Fla. 5th DCA 2008) (citations omitted). Much like the tablet and textbooks, the loss of college financial aid was never mentioned by the State in the petition for delinquency or at the plea hearing. Moreover, the loss of the financial aid has no causal connection to the theft of the motor vehicle, as the vehicle was promptly returned to the victim, nor to the theft of the money, wallet, or cellphone, which were the two specific charges to which Appellant pleaded no contest.

Accordingly, we reverse the restitution order as it pertains to the tablet, school textbooks, and college financial aid and remand for the trial court to enter a corrected restitution order in the amount of $1101.

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

LAWSON, C.J., and PALMER, J., concur.

3