IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J.D., A CHILD,

      Appellant,

 v.                                                                    Case No.  5D16-2521

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 17, 2017

Appeal from the Circuit Court
for Orange County,
Gail A. Adams, Judge.

James S. Purdy, Public Defender, and
David M. Dixon, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

J.D. appeals from an order requiring him to pay $10,074 in restitution. He argues

that the trial court erred in ordering restitution based on items that were not listed in the

petition for delinquency, arrest reports, or any other discovery. We agree and reverse.[1]

_____

[1] We review orders imposing restitution for an abuse of discretion. See Bernard v.
State, 859 So. 3d 560, 562 (Fla. 5th DCA 2003).

The petition for delinquency alleged that J.D. entered the victim's residence and took a television and car keys or car remote, in addition to damaging the window of the victim's residence. The arrest affidavit indicated that, according to the victim, the burglar stole a flat screen television, a vehicle key, and a vehicle remote. It alleged that J.D. returned the following day and stole the victim's vehicle, which he later abandoned. Additionally, the report assessed that the property damage to the victim's residence was $110. J.D. was charged with burglary of an occupied dwelling, grand theft, criminal mischief, and grand theft of a motor vehicle. He entered a no contest plea to the burglary charge, and the State filed a nolle prosequi for the remaining counts. At the plea hearing, the parties did not detail the factual allegations that related to the plea, nor was there any negotiation as to the amount of restitution to be paid.

Pursuant to the plea agreement, J.D. agreed to pay restitution; the trial court reserved jurisdiction to determine the amount. Prior to the disposition hearing, the State provided J.D.'s counsel, for the first time, with information regarding the amount being requested for restitution. That amount included items not previously included in the delinquency petition, police reports, discovery, predisposition report, or plea agreement. At the disposition hearing, the trial court sentenced J.D. to non-secure commitment and again reserved ruling on restitution.

At the subsequent restitution hearing, the victim testified regarding his insurance claim made as a result of the burglary. In addition to the television, vehicle key, and vehicle remote, the victim testified that the stolen items included various pieces of jewelry, watches, a duffle bag, knives, coins, silver bars, and a knitting machine. The victim estimated that the stolen jewelry alone was worth approximately $15,000. On cross-

2

examination, the victim acknowledged that he had provided two statements to law enforcement, neither of which mentioned the loss of jewelry. The trial court ultimately ordered $10,074 in restitution, which included the loss of the jewelry.[2]

This case is factually analogous to both Medlin v. State, 180 So. 3d 1101 (Fla. 5th DCA 2015), and D.J.M. v. State, 198 So. 3d 955 (Fla. 5th DCA 2016). In Medlin, the defendant pleaded nolo contendere to dealing in stolen property. 180 So. 3d at 1102. The information alleged that the stolen property included "various metal items." Id. As part of the plea colloquy, the State announced it would be seeking "approximately $4600" in restitution. Id. Yet, the trial court ordered the defendant to pay $20,019 in restitution following a hearing during which the State presented evidence of additional items allegedly stolen that were not included in the information. Id. at 1103. This Court reversed, holding that "the trial court's restitution order should not have included more items than those the State anticipated as being compensable as restitution at the time of the plea hearing." Id.

Likewise, in D.J.M., the defendant was charged with burglary of a conveyance and grand theft, and he pleaded guilty to the grand theft charge. 198 So. 3d at 956. This Court affirmed the restitution order as it pertained to $680 cash taken from the victim's wallet, $400 for a stolen cell phone, and $21 to replace the victim's vehicle keys. Id. at 956–57. However, we reversed the restitution order of $200 for a computer tablet and $197 for school textbooks that the victim testified at the restitution hearing were also taken from

---

[2] The restitution order does not detail how the trial court arrived at this specific amount for restitution, although the transcripts make clear that it includes additional items about which the victim testified at the restitution hearing. Additionally, the order takes into account reimbursements the victim received from his insurance company.

his vehicle. Id. at 957.[3] We reasoned that the award for those items was erroneous because "the arrest affidavit, petition for delinquency, and the factual basis tendered to support the plea never mentioned the tablet or school textbooks, nor was the delinquency petition ever amended." Id.

Here, the victim's testimony detailing the additional items allegedly stolen from his residence did not occur until the restitution hearing almost five months after J.D. entered into his plea agreement. These additional items were not listed in the plea agreement, delinquency petition, predisposition report, or any other discovery.[4] Thus, the trial court abused its discretion in ordering J.D. to pay restitution for these items.

Accordingly, we reverse the restitution order because it includes restitution for items not listed in the charging documents or related discovery. On remand, the trial court shall hold a new restitution hearing and order restitution only for the items related to J.D.'s conviction. Cf. Medlin, 180 So. 3d at 1103.

REVERSED and REMANDED.

COHEN, C.J., SAWAYA and EDWARDS, JJ., concur.

---

[3] In D.J.M., this Court also reversed the restitution order in part because it required the defendant to reimburse the victim for loss of college financial aid, finding that, like the tablet and textbooks, financial aid was not mentioned in the delinquency petition or at the plea hearing. 198 So. 3d at 957.

[4] The State also could have included the specific amount of restitution as part of the plea negotiations, but it did not. Including restitution in the plea agreement rewards preparation at the front end of the case and avoids leaving restitution as an issue to be litigated months after the entry of a plea.