DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E.J.A.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3520

[August 12, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2019-CJ-001310-XXXX-SB.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

**CONFESSION OF ERROR**

PER CURIAM.

The child in this case pled guilty to burglarizing a car. After the victim's car was located, she had to pay to have it released from a tow lot and to have it re-keyed. The trial court imposed restitution to reimburse the victim for those costs. We accept the state's confession of error and agree that the trial court erred in imposing such restitution when the state did not establish a causal connection between the child's offense or criminal episode and those expenses.

The state alleged that E.J.A. burglarized a vehicle and caused damages to the vehicle. E.J.A. pled guilty to the burglary count, and the state dropped the criminal mischief count. The plea agreement called for restitution but the amount was left to the trial court to determine.

During the plea hearing, the prosecutor provided a factual basis for the plea indicating that E.J.A. was seen entering the victim's car, which had

been reported stolen two days before, and also scratching the car's paint with a blunt object. During a subsequent restitution hearing, the prosecutor explained that E.J.A. and another girl were observed vandalizing the car. E.J.A. admitted to police that she and the co-defendant "were riding with friends" in the victim's car.

The victim testified that she left the key in her car when she went to retrieve something from her house. When she returned, the car was gone. After her stolen vehicle was ultimately found, it was taken to a tow lot and the victim was forced to pay a $412 towing fee for its release. The car was inoperable and upon the vehicle's return, the victim discovered the car was locked. Because the key was never found, the victim was required to additionally pay a $125 locksmith fee.

The trial court imposed restitution for the tow and re-keying costs, finding "this damage is at least indirectly related to the defendant's offenses because [the victim] had to get her car back." The trial court also believed that the restitution was permitted because "[t]he investigation was the result of the delinquent action."

E.J.A. argues, and the state concedes, that the trial court erred in awarding restitution where the state failed to prove that the victim's loss was caused by E.J.A.'s criminal act or related to her criminal episode. We agree.

Trial courts may impose restitution in juvenile cases "for any damage or loss caused by the child's offense." § 985.437(2), Fla. Stat. (2019). This statute has been treated similarly to the statute applicable to adults, section 775.089, Florida Statutes. *See L.R.L. v. State*, 9 So. 3d 714, 716 (Fla. 2d DCA 2009). Section 775.089(1)(a), Florida Statutes (2019), provides that absent compelling reasons, the court shall order restitution for "1. [d]amage or loss caused directly or indirectly by the defendant's offense; and 2. [d]amage or loss related to the defendant's criminal episode."

"Under the plain language of [section 775.089], the loss or damage to be compensated must be 'directly or indirectly' related to the offense committed by the defendant." *Glaubius v. State*, 688 So. 2d 913, 915 (Fla. 1997). "To be causally connected to an offense, the restitution awarded must arise out of the offense with which the defendant is actually charged." *Malarkey v. State*, 975 So. 2d 538, 540 (Fla. 2d DCA 2008). "Further, when a defendant agrees to pay restitution as part of a plea agreement, the defendant's agreement is limited to restitution arising out of the offense charged by the State as reflected in the information and/or

by the factual basis for the plea set forth by the State when the plea is entered." *Id.* at 540-41. However, "[a] plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea." § 775.089(1)(b)2., Fla. Stat. The state has the burden of establishing causation by a preponderance of the evidence. *Schuette v. State*, 822 So. 2d 1275, 1278-79 (Fla. 2002).

Here, the state did not establish that the costs of towing and re-keying the car were related to E.J.A.'s burglary charge and criminal episode. The prosecutor's statements at the restitution hearing suggested the possibility that E.J.A. and her friends had the key to the victim's car at some point, as E.J.A. told an officer they had been "riding with friends" in the car. But the state did not establish by a preponderance of competent, substantial evidence that E.J.A. was involved in any theft of the key during the burglary episode or that she had possession of the key. Additionally, although it's possible the car was towed in order for police to conduct an investigation of E.J.A.'s crime, there was no evidence supporting that possibility. When the state fails to prove that a defendant's criminal episode has a causal connection to the victim's loss, restitution for that loss is improper. *See L.R.L.*, 9 So. 3d at 715-17 (finding that restitution for items stolen from truck was improper where defendant's grand theft charge was based on his knowing possession of a stolen truck, he denied stealing the truck, and there was no evidence that the loss of the items in the truck was related to the defendant's criminal episode).

Based on the foregoing, we accept the state's confession of error, affirm the disposition, and reverse and remand for the trial court to vacate its restitution order.

*Affirmed in part, reversed in part, and remanded.*

MAY, DAMOORGIAN and CIKLIN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

3