# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1523
Lower Tribunal No. F24-8955
_____

**Gabriel Verdejo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

John Guard, Acting Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and GORDO, JJ.

LINDSEY, J.

Gabriel Verdejo appeals a restitution order in the amount of $1,224.97. Because Verdejo agreed to pay restitution as a condition of his negotiated plea, we affirm.

Verdejo was charged with grand theft of a vehicle, and he agreed to plead guilty in exchange for probation with special conditions, including restitution capped at $3,278. At the plea hearing, counsel for the State described the plea offer as follows:

> It is an adjudication, two years reporting probation, with the special condition of an anti-theft course, court ordered restitution in the amount of $3,278, but that restitution is set to be reserved or set for a restitution hearing.

The court specifically informed Verdejo that he was agreeing to restitution capped at $3,278, and Verdejo accepted the plea. Moreover, at the conclusion of the hearing, defense counsel asked the court to waive the cost of supervision given the restitution, which the court did for the first six months. At no point did Verdejo object to restitution when he accepted the plea.

During the restitution hearing, Verdejo's counsel objected to restitution for the first time, arguing that the State did not present documentation supporting restitution. The trial court overruled Verdejo's objection and noted that Verdejo had accepted a plea and agreed to a $3,278 cap on

2

restitution. After hearing testimony from the Victim as to the value of the missing items, the court ordered restitution in the amount of $1,224.97.

Verdejo timely appealed. During this appeal, the State moved, without objection, to supplement the record with an Amended Violation of Probation. We granted the State's motion. According to the Amended Affidavit, Verdejo violated the following conditions of his probation:

- Committing a criminal offense by giving a false name after being arrested on several bench warrants
- Failing to report to the probation officer
- Failing to comply with all instructions given by the probation officer
- Failing to pay costs of supervision
- Failing to make restitution payments
- Failing to pay for drug testing
- Failing to undergo anti-theft counseling

The supplemental record also includes a transcript of Verdejo's probation violation plea hearing. At the beginning of the hearing, Verdejo agreed to 45 days in jail, extended probation, *and reinstatement of all other conditions*:

> [COUNSEL FOR VERDEJO]: Your Honor, this Defendant is going to be accepting the offer of admit modify, 45 days in the Dade-County jail and extended probation to 6 months from the end date. **And reinstating all other conditions**.

(Emphasis added).

During the colloquy, the trial court specifically told Verdejo he owed restitution. The trial judge also told Verdejo he would be waiving certain

protections, such as a hearing and right to appeal, if he accepted the plea. Verdejo agreed and accepted the plea. At no point during the hearing did Verdejo challenge restitution or reserve his right to continue to appeal the original restitution order.[1]

On appeal, Verdejo argues that the trial court abused its discretion by imposing restitution.[2] We disagree. As part of a negotiated plea, Verdejo agreed to pay restitution capped at $3,270. The amount of restitution ordered did not exceed this amount. Moreover, during this appeal, Verdejo violated his probation and again agreed to pay restitution. Verdejo is therefore estopped from challenging the illegality of this condition. See Bradley v. State, 602 So. 2d 980, 981 (Fla. 3d DCA 1992) ("As part of the defendant's plea, he agreed to pay restitution to the victim. Since the plea agreement contemplated the restitution ordered, the defendant is estopped from raising the alleged illegality of the condition."); Armstrong v. State, 620 So. 2d 1120, 1121 (Fla. 5th DCA 1993) ("The transcript of appellant's sentencing hearings reveals that appellant agreed to pay restitution to the victim in the amount imposed by the trial court in order to avoid being

---

[1] While we agree with the legal principles espoused within the cases cited by the Dissent, they are simply inapplicable here where Verdejo agreed to the specific restitution amount in a subsequent violation of probation hearing.

[2] "We review a restitution order for an abuse of discretion." Quintero v. State, 394 So. 3d 228, 230 (Fla. 3d DCA 2024).

sentenced as an habitual felony offender. Thus, appellant is estopped from raising the alleged illegality of the restitution condition on appeal.").

Affirmed.

GORDO, J., concurs.

MILLER, J., dissenting.

I am compelled to respectfully dissent. Appellant, Gabriel Verdejo, appeals from an order requiring him to pay restitution after he entered a plea of guilty to one count of grand theft of an automobile. The restitution order was designed to compensate the victim for the loss of personal items she discovered missing upon recovering her vehicle. Verdejo was not charged with stealing the items. Nor did he agree to pay for them. Accordingly, the order under review should be reversed.

**I**

Verdejo was charged with one count of grand theft of an automobile, in violation of section 812.014(2)(c)(6), Florida Statutes (2023). After he was arraigned, he entered into a negotiated plea agreement with appellee, the State of Florida. Under the terms, which the trial court ratified, the parties agreed that restitution would be capped at $3,270.00[3] and subject to a future restitution hearing. Importantly, Verdejo did not stipulate that any restitution was payable.

---

[3] During the plea colloquy, the prosecutor stated restitution would be capped at $3,278.00. The written probation order, however, reflected a cap of $3,270.00.

At the ensuing hearing, the State sought restitution for a myriad of personal items that the victim discovered missing from inside the vehicle. The defense objected, contending that the State had not provided Verdejo with any notice it intended to seek restitution for the missing items before the plea was accepted and that because Verdejo had not been charged with the theft of the missing items, he could not be held financially accountable. Indeed, the defense claimed it only received documentation concerning the loss on the eve of the hearing.

The State proffered that it possessed the receipts for the personal items before Verdejo entered his plea. Upon questioning by the trial court as to whether the receipts were furnished to the defense in discovery, however, the prosecutor stated, "I don't see any notes that they were not -- that they were provided to the [d]efense." The trial court awarded restitution for the items, and this appeal ensued.

**II**

**A**

We review restitution orders for an abuse of discretion. State v. P.C.L., 332 So. 3d 4, 8 (Fla. 4th DCA 2022).

**B**

Section 775.089, Florida Statutes (2024), governs restitution as a condition of probation. It directs the trial court to order restitution to the victim for "[d]amage or loss caused directly or indirectly by the defendant's offense." § 775.089(1)(a)(1), Fla. Stat. To order restitution under this statute, the trial court "must find that the loss or damage is causally connected to the offense and bears a significant relationship to it." Malarkey v. State, 975 So. 2d 538, 540 (Fla. 2d DCA 2008) (citing Glaubius v. State, 688 So. 2d 913, 915 (Fla. 1997)).

The State carries the burden of proving that a restitution award arises out of the offense with which the defendant is charged. See K.N. v. State, 61 So. 3d 1258, 1260 (Fla. 3d DCA 2011) ("To order restitution under section 775.089, the State must prove that the loss or damage for which the defendant is being ordered to pay, is causally connected to the offense and bears a significant relationship to it."); Malarkey, 975 So. 2d at 540 ("To be causally connected to an offense, the restitution awarded must arise out of the offense with which the defendant is actually charged.").

Notwithstanding these basic principles, a defendant may consent to pay "restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea." K.N., 61 So. 3d at 1259 (quoting § 775.089(1)(b)(2), Fla. Stat.). Absent a specific agreement, "courts look to arrest affidavits and discovery materials provided to the

defendant prior to entry of a plea to determine whether, as part of the factual basis for entry of the plea, the items for which restitution was awarded were listed." Franklin v. State, 391 So. 3d 544, 546 (Fla. 2d DCA 2024) (quoting Ferri v. State, 311 So. 3d 240, 241 (Fla. 2d DCA 2020)). And unless otherwise agreed, "[r]estitution cannot be ordered for a [crime] not encompassed within the charge contained in the information." Noland v. State, 734 So. 2d 464, 466 (Fla. 5th DCA 1999) (citing Stewart v. State, 629 So. 2d 982 (Fla. 5th DCA 1993)); see also Siminski v. State, 1 So. 3d 1161, 1162–63 (Fla. 2d DCA 2009) (reversing and remanding restitution order where several items not listed in information or discussed as plea's factual basis were claimed at restitution hearing but record on appeal was unclear as to "whether the discovery materials available to the defense at the time of the plea hearing included more items than those that were listed in the information and which the State anticipated as being compensable as restitution").

**C**

Here, the State charged Verdejo with vehicular grand theft. No theft of personal property was referenced in either the arrest affidavit or information. Verdejo did not otherwise agree to reimburse the victim for the missing items. Instead, he merely agreed that any award of restitution would not exceed the stipulated monetary limit.

9

Further, the State did not demonstrate that it furnished the defense documentation concerning the missing items in advance of the plea. On the contrary, the prosecutor conceded there was no indication the receipts had been turned over in discovery.

Under these circumstances, the trial court erred in ordering Verdejo to pay restitution for the missing personal property. See K.N., 61 So. 3d at 1261 ("K.N. pled only to the trespass charge. She did not admit to the charged theft, nor did she agree to pay restitution for losses stemming from it. And since the State failed to prove causation or nexus between the trespass and the theft losses, that portion of the restitution order requiring K.N. to pay for the stolen cash and jewelry must be reversed."); see also Avery v. State, 838 So. 2d 1247, 1248 (Fla. 2d DCA 2003) ("Although Lukowsky testified that he informed the investigating officer of the second theft of $1311.06, the arrest warrant only referenced the original $758 that Avery already had repaid. Additionally, the factual basis recited at Avery's plea hearing referred only to the $758 theft. As such, the second theft is a separate offense for which Avery has not been charged and which cannot affect the calculation of restitution here. We therefore reverse the restitution order and remand for determination of what portion of the investigative costs pertained to the original $758 theft."); A.D. v. State, 152 So. 3d 798, 799 (Fla. 4th DCA 2014) ("Here, there was no mention of a camera in the arrest

affidavit, the petition for delinquency, or at the plea hearing. Accordingly, we reverse the restitution order as it pertains to the camera and remand for the trial court to recalculate the amount of restitution consistent with this opinion."); James v. State, 223 So. 3d 288, 290–91 (Fla. 4th DCA 2017) (reversing order that included restitution for stolen jewelry because the State "only charged [the defendant] with dealing in stolen property" and not "the crime of theft"); S.S. v. State, 122 So. 3d 499, 502 (Fla. 4th DCA 2013) (reversing restitution order as to two items not listed in arrest affidavit, the plea's factual basis, or in any discovery received by defendant prior to entering the plea, and explaining that "in order for the court to require restitution, either the arrest affidavit or the facts admitted . . . at the time of the plea must include the items for which the court orders restitution"); Nelson v. State, 113 So. 3d 1032, 1033 (Fla. 5th DCA 2013) ("Here, Nelson was only charged with dealing in stolen property, and the State's presentation at the plea hearing was insufficient to link Nelson to the burglary or to place Nelson on notice that it intended to seek restitution from him based upon the burglary."); Franklin, 391 So. 3d at 546–47 ("In this case, the property upon which both counts were based included certain items of jewelry stolen from the victim's home. At the plea hearing, the parties stipulated to the factual basis for the plea and the trial court found that the affidavits provided the factual bases supporting the plea. But no mention of

11

the $2,500 in cash contained in the stolen jug appears in the affidavits or the information, and it does not appear in the record at all until the restitution hearing itself. . . . Based on these facts, we are compelled to conclude that the inclusion of the amount of the stolen cash in the restitution order constituted fundamental error.").

**D**

Finally, the fact that Verdejo subsequently admitted he violated his probation does not remedy the invalidity of the underlying order. Both cases cited by the majority in furtherance of waiver stem from express waivers in negotiated plea agreements.[4] In contrast, Verdejo merely agreed to a cap, subject to a full restitution hearing. He then objected to the calculated amount as exceeding the ambit of his agreement.

Later, while his appeal was pending, he admitted he failed to fulfill the conditions of his probation and agreed his probation should be reinstated. The record contains no discussion as to the pending appeal. Accordingly, in my view, the restitution order should be reversed.

---

[4] "Waiver is the voluntary and intentional relinquishment of a known right, or conduct which implies the voluntary and intentional relinquishment of a known right." Major League Baseball v. Morsani, 790 So. 2d 1071, 1077 n.12 (Fla. 2001) (citing Kissimmee Util. Auth. v. Better Plastics, Inc., 526 So. 2d 46, 48 (Fla. 1988)).